### CENTRAL OF GEORGIA RAILWAY Co. *v.* BELL.

HOLDEN, J.   1. In a suit by an employee against his master, a railroad company, for damages, the petition alleged that while the plaintiff was engaged in the performance of his duties as a brakeman on top of the car of ·a freight-train of the defendant, running between stations, he was thrown therefrom "while said train was being run at a very high, negligent, and dangerous rate of speed," and that the plaintiff was injured by the defendant "in the negligent running of its cars at said time and place," and that the train at the time of the injury was running about 50 miles an hour. *Held:*

(*a*)   The petition was not subject to demurrer on the ground that it did not allege "in what respect the running of defendant's cars at said time

and place was negligent," or on the ground that the allegation "that said train was being run at a very high, negligent, and dangerous rate of speed is the mere conclusion of a pleader." (FISH, C. J., and BECK, J., dissent.)

(b)  Where the petition further alleged, "That while he was standing on the top of said [car] in said train, about the middle of the car longitudinally, upon a board upon the top of said car known as a running-board, the same being placed upon said car for the use of employees whose duties require them to ride upon the top of said cars, the car, without any notice to him whatever, suddenly gave a violent, unusual, and unnecessary jerk or lurch, by reason of which he was thrown to the ground as aforesaid—so great and violent was the jerk or lurch to said car that he was thrown half the distance of the width of said car and entirely off the same upon the ground as aforesaid, . . that he was thrown from said car by the violent, unusual, and unnecessary motion of said car, and it is impossible to say whether it was a jerk or lurch of same," in view of all of the allegations in the petition, it was not subject to demurrer on the ground that these allegations were in the alternative and did not show or allege "whether the said injuries were caused by a jerk of the car or by a lurch of the same."

2. The petition alleged, "That, at the time he was so thrown from said car as aforesaid, he was at the place on said car where he was required by the conductor, the agent of said company in charge of said train, to be, and at the place where he was required by the rules of said company to be; that he was at that time acting under immediate orders of his superior officer, the said conductor in charge of said train as aforesaid, which officer he was required by the rules of said company to obey." *Held:*  (a)  Such allegations were not subject to demurrer on the ground that the rules therein referred to were not set forth.  (b)  Such allegations, in view of the allegations quoted in subdivision (b) of the first headnote, stating where the plaintiff was on the car when thrown therefrom, were not subject to demurrer on the ground that they did not set forth "at what place on the car the petitioner was required to be, nor where, by the rules of the defendant, the petitioner was required to be."

3. It was not error, upon the trial, to refuse the written request of the defendant's counsel to charge the jury as follows:  "The plaintiff has introduced rule 411, which is as follows:  'They must not leave their brakes while the train is in motion, or take any other position on the train than that assigned them by the conductor.'  I charge you that the defendant has the right to establish reasonable rules and regulations for the guidance of its employees.  Plaintiff was bound to observe these rules; and if you find that plaintiff violated this rule, and such violation contributed in any substantial degree to the injury, then the plaintiff can not recover."  Such refusal was not error, as it appeared from the evidence that at the time of the injury the plaintiff did not have notice of the existence of the rule, and was not legally chargeable with notice thereof.

4. The petition alleged "That said injuries, so received as aforesaid, were inflicted upon your petitioner wholly by the negligence of the said Central of Georgia Railway Company, in the negligent running of its cars at said time and place, and in the negligent failure to keep its roadway

and track at that place in a safe condition for the passage of trains thereon," and the allegation in regard to the failure of the defendant to keep its roadway and track in safe condition was stricken upon demurrer. There was not in such petition, or in any amendment allowed by the court, any other allegation in regard to the negligence of the defendant with respect to the condition of such "roadway and track." *Held*, that where upon the trial the plaintiff testified, "When I was going over the car I got throwed off; it struck a low place in the track. The car was running when I was throwed off. The low place caused the car to tilt to one side, caused it to go down," it was error to charge, "Gentlemen, the rule of care with reference to the condition of the track of the railroad company is that of ordinary care." Such error was not cured by the other portions of the charge of the court to the jury.

5. A rule nisi directed that the brief of evidence might be filed within ten days after the motion for a new trial was heard and determined. Though the brief of evidence, which was approved by the court before the hearing of the motion and specified in the bill of exceptions as part of the record, and as such sent here by the clerk, was not filed within such ten days, and was filed after the bill of exceptions was filed, it will be considered by this court. *Mitchell* v. *Masury*, 132 *Ga.* 360 (64 S. E. 275).

*Judgment reversed. All the Justices concur.*

Argued January 5, — Decided July 20, 1909.

Action for damages. Before Judge Roan. Newton superior court. January 13, 1908.

*Lawton & Cunningham, H. W. Johnson,* and *Garrard & Meldrim,* for plaintiff in error. *Joseph H. Hall & Warren Roberts* and *Middlebrook, Rogers & Knox,* contra.