ANDREW J. LOVELADY, plaintiff in error, *vs.* JOHN HOCKEN-HULL, defendant in error.

A *certiorari* not marked "filed in office," nor ever in the office of the clerk of the superior court, nor ever in the possession of the clerk at all, is not an office paper so as to be established by copy, *instanter*, on motion, under section 3980 of the Code.   Though sanctioned by the judge at chambers and handed to the plaintiff, it is his private property until it gets to the clerk, and, if mislaid or lost, it can only be established by copy, as any other private property belonging to him.

Practice in the Superior Court.   Lost Papers.   Before Judge KNIGHT.   Pickens Superior Court.   September Term, 1876.

Reported in the opinion.

THOMAS F. GREER ;   W. T. DAY ;   W. H. SIMMONS, for plaintiff in error.

H. L. PATTERSON, for defendant.

JACKSON, Judge.

This was a motion to establish a lost *certiorari* as an office paper.   The *certiorari* had never been filed in the office of

the clerk of the superior court of the said county of Pickens, or been in his possession, but had been sanctioned by the judge of the superior court, and was handed by plaintiff's attorney to one Faulkner with instructions to hand the same to the clerk of said court; and it further appears, that said Faulkner handed said *certiorari* to a small boy—son of Mr. Wm. Tate—with instructions to deliver the same to his father (Mr. Tate), to be by him handed to said clerk. It further appears that said boy lost the said *certiorari*. The motion to establish said copy *as an office paper* was resisted by counsel for plaintiff in error on the ground that it was not an office paper, it never having been filed in the clerk's office, or placed in the custody or possession of the clerk.

The court overruled the objection, and passed an order establishing the copy, in lieu of the lost original *certiorari*, as an office paper. The defendant excepted, and the single question is, was the *certiorari*, under these circumstances, an office paper?

If an office paper, it could have been established in this summary proceeding; if not, as a private paper, it could not—Code, §§3980, 4052.

This paper never reached the office of the clerk; it was never marked "filed in office" by him; indeed, it was never in his personal possession, or in the office of the court at all. How, then, could it be an office paper? Moreover, it was the fault of the party complaining, himself, that it never reached the court or the clerk. If he entrusted it to those who took no reasonable care of it, it is his fault—*vigilantibus non dormientibus, etc.,* is applicable to all such confiding litigants.

Judgment reversed.