## WYNNE v. STEVENS.

1. The mere fact that the clerk's entry of filing upon a rule nisi to foreclose a mortgage upon realty bears a date subsequent to that upon which the rule nisi was granted by the judge, the making of the entry and the granting of the rule both occurring at the same term of the court, affords no cause for dismissing the foreclosure proceeding.
2. Agency can not be proved by the declarations of the alleged agent, nor do the sayings of the latter, in the absence of any proof of agency, bind the alleged principal.
3. There was no error in directing a verdict in the plaintiff's favor.

Argued June 5,—Decided July 20, 1897.

Foreclosure of mortgage. Before Judge Lumpkin. Fulton superior court. September term, 1896.

*L. R. Ray* and *S. D. Johnson*, for plaintiff in error.
*J. H. Gilbert*, contra.

LUMPKIN, P. J. 1. A petition for a rule nisi to foreclose a mortgage upon realty was presented to the presiding judge, who granted the rule. Three days later, the clerk made upon the petition an entry of filing. At the trial term, the defendant moved to dismiss the proceeding, upon the ground that the rule nisi had been granted before the filing of the petition. The motion was entirely without merit. Presenting the petition to the judge was equivalent to a filing of it in court, and

the fact that he took official action upon it is itself evidence of such filing. The clerk's entry was also evidence of the filing, but it was not the exclusive method of proving the fact of filing. The action of the judge and the entry of the clerk both occurred at the same term. We therefore think this objection was purely technical and that it was properly overruled.

2, 3. Upon the merits, no substantial defense was established. The defendant endeavored to show usury; and, to this end, sought to introduce the declarations of a person who, according to his contention, was the agent of the plaintiff in making the loan to secure which the mortgage in question had been given. There was, however, no proof at all of the alleged agency. It could not be legally proved by the declarations above mentioned, which, on proper objection thereto, would doubtless have been excluded; and even though they were permitted to go in evidence, the court properly held that they were not binding upon the plaintiff. Accordingly, there was no error in directing a verdict in his favor.

<em>Judgment affirmed. All the Justices concurring.</em>