BARNES *et al. v.* MACON & NORTHERN RAILROAD CO.

FISH, J.  1. Inasmuch as the statute expressly declares that the brief of evidence accompanying a motion for a new trial must be filed during the term at which the trial was had, one who seeks for leave to file such a brief after the expiration of the term as a matter of right, must obtain a clear and unequivocal order granting such leave; and inasmuch as it is frequently true that the purpose of a movant in procuring an order allowing additional time, after the expiration of a term, to "complete a motion" for a new trial, is simply to reserve the right of amending the grounds of the motion, an order which merely allows additional time for completing a motion will not, when construed by the judge who granted it as not embracing the privilege of filing a brief of evidence, be differently construed by this court.

2. Accordingly a term order allowing one against whom a verdict had been rendered until the final hearing, in vacation, "to complete his motion for new trial," will not, though it recites that it is impossible for the movant to make out and file a brief of evidence before the adjournment of the court, be here construed as extending the time for filing the brief beyond the expiration of the term, when the judge be-

105  495
Case 2
123  769

105  495
Case 2
f129  268
129  463

low rules it was not intended to have this effect. As an order of this kind, notwithstanding such recital, does not, as it should do, expressly reserve or grant any right as to the filing of such brief, and is therefore, at least to some extent, ambiguous, the trial judge must be left free to so deal with it as to carry out its true intent and meaning as understood by him. See *Cohen* v. *Lester*, 103 *Ga.* 565.

*Judgment affirmed. All the Justices concurring.*

Argued April 26, — Decided June 7, 1898.

Motion for new trial. Before Judge Butt. Jones superior court. October term, 1897.

*R. L. Berner, J. C. Barron* and *Johnson & Johnson,* for plaintiffs.

*R. V. Hardeman* and *Hill, Harris & Birch,* for defendant.