BROWN, ordinary, for use, *v.* · RICHARDS, administrator, *et al.*

Where an order continuing the hearing of a motion for a new trial is susceptible of a construction which would allow the movant to prepare and file a brief of the evidence on the day to which the hearing is continued, and of a construction which would not preserve this right, this court will adopt that construction of the order which is placed upon it by the judge at the final hearing, when he dismisses the motion for a new trial because no brief of evidence was filed when the motion was first called.

Argued November 13, — Decided December 11, 1901.

Motion for new trial.   Before Judge Harris.   Carroll superior court.   June 14, 1901.

*W. F. Brown* and *Sanders & Davis,* for plaintiff, cited :   75 *Ga.* 347; 78 *Ga.* 140;  Id. 190; 95 *Ga.* 412;  96 *Ga.* 433.; 101 *Ga.* 371; 109 *Ga.* 175.

*S. Holderness* and *S. E. Grow,* for defendant, cited: 67 *Ga.* 765; 91 *Ga.* 13;  99 *Ga.* 374, 376;  102 *Ga.* 590;  105 *Ga.* 483; 106 *Ga.* 179; 111 *Ga.* 889.

COBB, J. The plaintiff in error· filed, at the April term, 1901, of Carroll superior court, a motion for a new trial.   The recitals of fact in this motion were approved as true by the judge, and an order was passed on April 26, requiring the respondents to show cause, at an adjourned term to be held in June, why the motion should not be granted; it being provided in this order that the movant should " have until the final hearing of this motion to pre-

pare, have approved and filed a brief of the testimony introduced on the trial of said case and to perfect said motion without prejudice." By another order of the judge an adjourned term was to be held in June. On June 10, the motion coming on for a hearing, an order was passed continuing the same until Friday, June 14, "with all rights reserved which the parties now have." On that day the motion came on again for a hearing, the movant having on that day, but prior to the hearing, filed in the clerk's office a brief of the testimony. The respondents moved to dismiss the motion for a new trial, and upon this motion to dismiss the judge passed the following order : "This case having been called in its order for a hearing at the adjourned term of Carroll superior court on the 10th instant, and a motion to dismiss having been made because no brief of evidence had been approved, offered, or filed, and the hearing having been postponed with the right to insist on said motion until this day, it is therefore ordered, adjudged, and considered by the court that the motion for a new trial be and the same is dismissed, because no brief of evidence was filed or tendered on the day when the same was regularly called in its order." To this order the plaintiff in error has excepted.

The order passed in April gave the movant until the "final hearing" to prepare and present his brief of evidence. This final hearing was to be had some time during the adjourned term of the court in June; just what day in that term was to be left for future determination. Inasmuch as the motion was called for a hearing on June 10, during the adjourned term, the natural conclusion would be that that date had been fixed upon for the final hearing. But the hearing was further continued on that day until June 14. Had the judge on the 10th passed an order simply continuing the hearing without more, this order, construed in the light of the order passed in April, giving until the final hearing to present a brief of the evidence, would have given the movant the right to tender for approval his brief of evidence on June 14. But the order of the 10th contained this language: "with all rights reserved which the parties now have." If this language meant to preserve the right of the movant to present his brief of evidence, it was entirely unnecessary, as this right would have resulted without the addition of this clause to the order. The language of the clause is ambiguous. It reserves the rights of the parties, but fails to tell what those

rights were. One thing, however, is clear: the language of the clause does not demand, even if it justify, a construction which would allow the movant until the 14th to present his brief of evidence. This being so, it is necessary to ascertain what the judge meant by the use of the language in question. The ambiguity in the language is clearly explained when we consider the language of the order passed on June 14. It appears from this order that a motion to dismiss was made on the 10th, and that the hearing was postponed, with the right to insist on the motion to dismiss on June 14. Read in the light of this explanation, the meaning of the expression "all rights reserved" was to preserve the right of the respondent to move on the 14th to dismiss the motion for a new trial because no brief had been filed on the 10th, the day which had been fixed for the final hearing. The judge has construed his order of the 10th in this way, and we shall accept his construction of language which was susceptible of this construction, even though it may be susceptible of another and totally different meaning. See, in this connection, *Barnes* v. *Railroad Co.*, 105 *Ga.* 495. It results from the foregoing that the judgment dismissing the motion for a new trial must be

*Affirmed. All the Justices concurring.*