### THOMPSON *v.* THOMPSON, and *vice versa*.

FISH, P. J.   1. Plaintiff's action was to recover land alleged to have been given, in parol, by defendant to his son, plaintiff's deceased husband.   Defendant denied the gift.   Upon the trial the evidence as to the gift was conflicting, that for the plaintiff consisting of alleged admissions of the defendant.   The court permitted a witness to testify for plaintiff, over defendant's objection, that he was called upon by defendant to witness a deed from defendent to.

his son for the land in question. *Held*, that such testimony was irrelevant, and was calculated to hurt defendant's contention in the minds of the jury, and its admission was cause for a new trial, especially in so close a case as this. ·

2. Where a term order was granted directing that a pending motion for a new trial be heard on a given date in vacation, and providing "that movant have until the hearing of this motion, whenever that is, to prepare and have approved a brief of the evidence in said case," and where upon the date so named a brief of evidence was presented to and approved by the judge and he thereupon ordered the same filed, a motion made at the hearing, which was had on the day named in the order, to dismiss the motion for a new trial, upon the ground that no brief of evidence had been filed as required by law, was properly overruled. *Hightower* v. *George*, 102 *Ga.* 549 ; *Johnson* v. *Grantham*, 110 *Ga.* 281. ·

> *Judgment reversed. On cross-bill, affirmed. By five Justices.*

Argued July 15, — Decided August 13, 1903.

Equitable petition. Before Judge Evans. · Tattnall superior court. December 15, 1902.

*P. W. Williams* and *James K. Hines*, for plaintiff in error in the main bill of exceptions. *W. T. Burkhalter*, contra.