## PINNEBAD *v.* PINNEBAD.

Cobb, P. J. 1. Unless there is an order of the court relieving the movant in a motion for a new **trial** of the necessity of filing a brief of the evidence in accordance with the terms of the Civil Code, § 5484, whenever the time fixed by the provisions of that section for the filing of the brief of evidence has expired the motion for a new trial is ripe for dismissal at any time that the judge has jurisdiction to entertain a motion to that effect. Leave to prepare and file a brief of the evidence on or before the hearing in vacation must be unequivocally granted; else the movant can not justify the omission to follow the practice required in the section above cited. *Gould* v. *Johnston*, 123 *Ga.* 765 (51 S. E. 608).

2. Where the order setting the hearing of the motion for a new trial in vacation is susceptible of a construction which would allow the movant to prepare and file a brief of the evidence at a given time in the future, and of a construction which would not preserve this right, the Supreme Court will adopt that construction of the order which is placed upon it by the judge who granted it, when at the final hearing he dismisses the motion for a new trial on account of the failure to file the brief of the evidence. *Brown* v. *Richards*, 114 *Ga.* 318 (40 S. E. 224).

3. Inasmuch as the statute expressly declares that a brief of the evidence accompanying a motion for a new trial must be filed during the term at which the trial was had, and it is frequently true that the purpose of a movant in procuring the order allowing additional time after the expiration of a term to amend the motion at any time before the final hearing is simply to reserve the right of amending the grounds of the motion, an order which, after reciting that it is impossible to make and complete the brief of the testimony in a case before the adjournment of court, provides that the motion be heard and determined

on a named date in vacation, "and that movant may amend said motion at any time before the final hearing," will not, when construed by the judge who granted it as authorizing only thirty days from the time the motion is filed within which to file the brief of the evidence, be differently construed by the Supreme Court. *Barnes* v. *M. & N. R. Co.*, 105 *Ga.* 495 (30 S. E. 883).

4. When, in a case of the character referred to in the preceding note, there is nothing to indicate, from the orders passed from time to time postponing the hearing of the motion for a new trial, that the respondent has waived the right to object to a brief of the evidence being filed after the expiration of thirty days from the date that the motion was filed, it is no sufficient reason to overrule a motion to dismiss the motion for a new trial that there was an agreement between counsel to insert, in one of the orders continuing the motion, passed after the expiration of thirty days from the date that the motion for a new trial was filed, a provision that the motion might be thereafter perfected in any way; it not appearing that such agreement was in writing, and no steps having been taken to amend the order which it is claimed should have contained this provision.

*Judgment affirmed. All the Justices concur, except Atkinson, J., disqualified.*

Argued May 28,—Decided August 14, 1907.

Motion for new trial. Before Judge Parker. Glynn superior court. August 15, 1906.

*Crovatt & Whitfield,* by *John M. Graham,* for plaintiff in error. *D. W. Krauss,* contra.