### COBB v. HALL et al.

ATKINSON, J. 1. The approved brief of evidence which was considered on the hearing of the motion for a new trial constituted a part of the record in the case, although not filed after the hearing and judgment on the motion within the time prescribed by the judge's order, but before the bill of exceptions was sued out. *Mitchell* v. *Masury*, 132 *Ga.* 360 (64 S. E. 275).

2. Where C. purchased four mules on credit, and, being unable to pay for them, agreed with H. that if the latter would pay the purchase-price, together with the purchase-price of four other mules which C. desired

to buy, the title to the eight mules should be in H., and that C. would give H. a mortgage on them all to secure the payment of their purchase-money, and such agreement was fully executed, H. became the vendor of C., within the purview of the act of August 17, 1903 (Acts 1903, p. 76), for the eight mules, and the mortgage given to him on them by C. would be such a purchase-money mortgage as was contemplated by the act mentioned.

3. A mortgage on ten described mules, which contained a recital, following the description, "This mortgage and note is given for the purchase-money of the above last-described mules," referred to all the mules described in the mortgage, and, so construed, sufficiently complied with the provisions of the act of August 17, 1903 (Acts 1903, p. 76), requiring that a purchase-money mortgage on personalty, in order to be superior to a year's support in such property, shall expressly state that the mortgage was executed and delivered for the purpose of securing the debt for such purchase-money.

4. Where a bill to marshal assets was filed by the administrator of the mortgagor, and there were conflicting claims in regard to the mortgaged property, the widow claiming under a judgment for a year's support, the mortgagee claiming under the mortgage, and a third person claiming to be the owner of two of the mules covered by the mortgage, and one question in controversy was whether in fact the mortgage was given for the purchase-money of the mules, as recited, it was competent for the mortgagee to introduce evidence to show that in fact the secured debt was for the purchase-money of eight of the ten mules.

(a) In such a case the mortgage creditor was a competent witness as against the widow to testify in regard to transactions between himself and the intestate, touching things material to the issue on trial, it appearing from recitals in the bill of exceptions that all other issues had been adjusted and settled except those between the widow, the mortgagee, and the claimant, and these being segregated by consent, the estate not being interested in the result, and no objection to the competency of the witness being made on behalf of the administrator, but such objection being made only on behalf of the widow. *Gunn* v. *Pettygrew*, 93 *Ga.* 327 (20 S. E. 328) ; Civil Code (1910), § 5858.

5. According to the decision rendered in the case of *Smith* v. *Bohler*, 72 *Ga.* 546, and followed in the case of *Morris* v. *State*, 117 *Ga.* 1 (43 S. E. 368), the act of 1903, referred to in the preceding notes, was not violative of the provisions of art. 3, sec. 7, par. 8, of the constitution of the State of Georgia, which provides that "No law or ordinance shall pass which . . contains matter different from what is expressed in the title thereof."

6. The uncontradicted evidence demanded a verdict that the lien of Hall, the mortgagee, on the eight mules for their purchase-money was superior to the lien of the judgment in favor of the widow for a year's support; and the court did not err in directing such a verdict.

7. On another issue between the widow and W. T. G. Cobb, who claimed title absolutely to the first two mules mentioned in the mortgage, based on the contention that they were never the property of the intes-

tate, but were the property of the claimant, the evidence was conflicting, and it was erroneous to direct a verdict in favor of the claimant.

*Judgment in favor of the mortgagee affirmed; in favor of the claimant reversed. All the Justices concur.*

MAY 10, 1911.

Interpleader.   Before Judge Worrill.   Early superior court. January 21, 1910.

Byron Collins, as administrator of the estate of J. E. Cobb, deceased, instituted suit to marshal the assets of the estate, and to compel certain interested parties to interplead. Among those who interpleaded were Mrs. M. C. Cobb, the widow of deceased, and W. A. Hall, a mortgage creditor of the deceased, and W. T. G. Cobb, a claimant to certain of the property of deceased. Before the trial the claims of all parties were adjusted, and issues relating thereto were eliminated from the case, except as to the parties above mentioned. The property in dispute between them consisted of ten mules, being the only property left in the hands of the administrator. A statutory year's support had been set apart to the widow, for $650 in money, together with certain personal property. She asserted the priority of the lien of this judgment on all of the ten mules in question. W. A. Hall held a mortgage in his favor, executed by the intestate, which described all of the ten mules, and immediately following the description recited: "This mortgage and note is given for the purchase-money of the above last-described mules." He asserted this mortgage, contending that it was a purchase-money mortgage, as contemplated by the act of August 17th, 1903 (Acts 1903, p. 76), as to the last eight mules described therein, and that its lien was entitled to priority over the lien of a judgment in favor of the widow for a year's support, but abandoned any claim of lien on the first two mules referred to in the mortgage. W. T. G. Cobb set up and contended that the two mules first described in the mortgage were purchased by himself from a dealer in live-stock, and that they had never been the property of the intestate, and consequently were not subject either to the lien of the judgment for a year's support or to the lien of the mortgage above referred to. All others having been eliminated, as before stated, these were the only issues dealt with on the trial. After the introduction of evidence the judge directed a verdict against Mrs. Cobb, and in favor of each of the other parties, which, in effect, found that the mortgage of Hall was a pur-

chase-money mortgage, as contemplated by the act of 1903; and that its lien was superior to the lien of Mrs. Cobb for a year's support as to the last eight mules described in the mortgage, and that W. T. G. Cobb, rather than the estate of J. T. Cobb, was the real owner of the two mules first mentioned in the mortgage. Mrs. Cobb filed a motion for new trial, on general and special grounds, in the latter of which she complained that the court erred in rulings on the admissibility of evidence; and in misconstruing and misapplying the act of August 17, 1903 (Acts 1903, p. 76), thereby raising the questions ruled on in the second and third headnotes; and in holding that the act was not violative of art. 3, sec. 7, par. 8, of the constitution of Georgia, which provides that "No law or ordinance shall pass which . . . contains matter different from what is expressed in the title thereof;" and in directing a verdict in favor of the other parties.

The motion for new trial was filed during the term at which the verdict was rendered, and contained a provision which, in effect, allowed the movant until the hearing, whenever it might be, to prepare and present for approval a brief of the evidence, and authorized the judge to enter his approval at any time, either in term or vacation, and if the hearing should be in vacation, and the brief of evidence had not been filed in the clerk's office before the date of the hearing, "said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined." The hearing did not take place at the time stated in the original motion, but was postponed and had in vacation on the 21st day of January, 1910. The brief of evidence was approved at the hearing which was held in a different county from that in which the suit was pending, but was not filed in the office of the clerk until February 3, being more than ten days after the hearing of the motion, but before the certification of the bill of exceptions on February 4. In the Supreme Court it was insisted by the defendants in error that there was no proper brief of evidence, because it was not filed in the clerk's office in terms of the order extending the time for such filing, and that no assignments of error should be considered which depended upon the evidence.

*R. H. Sheffield* and *Pope & Bennet,* for plaintiff in error.

*J. R. Pottle* and *Glessner & Park,* contra.