6237.   PERRY v. FRIEDIN.

1. The record in this case discloses that a motion for a new trial was over-
ruled and a bill of exceptions thereafter tendered to the trial judge and
certified and signed by him; that the defendant in error duly acknowl-
edged service of the bill of exceptions, and it was, within the time
fixed by law, "deposited in the clerk's office in the city court of Ogle-
thorpe, to be filed, and thence to be transmitted, together with the
records in said case, to the Court of Appeals of Georgia, and that said
bill of exceptions has been lost, and diligent search has been made for
the same and it can not be found." The affidavit of the clerk of the
city court of Oglethorpe, attached to the motion to establish the lost bill
of exceptions, sets forth "that he has made diligent search for the fore-
going bill of exceptions and that the same *has not been filed* [italics
ours], and it can not be found, and has been lost or destroyed." The
court established the alleged copy of the lost bill of exceptions instanter,
under the provisions of section 5312 of the Civil Code (1910), in an ex
parte proceeding, without notice to the defendant in error. While it
appears that the lost bill of exceptions was "deposited" in the office
of the clerk of the city court of Oglethorpe, it does not appear that it
was deposited with the clerk or with any person having authority to
act for him, or that it came into his possession at any time; and since
it affirmatively appears that the original bill of exceptions was never
filed, it never in fact became an office paper, and the court erred in
establishing a copy of it in a summary manner. Had it appeared that
the original bill of exceptions was "deposited" with the clerk, or with
any of his subordinates, even though never in fact filed, a different
question would be presented. In the absence of a recital to the con-
trary, it must be assumed that the deposit of the paper was made with-
out the knowledge of the clerk of the trial court; and to hold that such
a deposit put the paper in the possession of the clerk would open the
way for loose practices from which might flow grave consequences.

27

2. This court has no jurisdiction to entertain or pass upon assignments of error in a copy bill of exceptions improperly established in lieu of the lost original.

DECIDED JANUARY 6, 1916.

Complaint; from city court of Oglethorpe—Judge Greer. November 25, 1914.

*J. J. Bull & Son,* for plaintiff in error.    *Jule Felton,* contra.

WADE, J. The ruling announced in the headnotes is perhaps sufficiently clear to dispense with further explanation, but a few additional words may not be inapropos. The Supreme Court held in the case of *Lovelady* v. *Hockenhull,* 58 *Ga.* 469, that "a certiorari not marked 'filed in office,' nor ever in the office of the clerk of the superior court, nor ever in the possession of the clerk at all, is not an office paper so as to be established by copy, instanter, on motion, under section 2980 of the Code" of 1873 (Civil Code of 1910, § 5312). And it was further held that, "though sanctioned by the judge at chambers and handed to the plaintiff, it is his private property until it gets to the clerk, and, if mislaid or lost, it can only be established by copy, as any other private property belonging to him." It can not be said that a mere casual deposit of the paper in the office occupied by the clerk of the city court of Oglethorpe, at a time when neither the clerk nor any other person acting for him was present to receive it, would place the paper in a legal sense in the office of the clerk or in his possession. It would be otherwise, of course, if the paper were actually placed in the hands of the clerk or his deputy, or *perhaps* even if left in his office in the hands of some person then in charge of the office for the clerk; but merely to leave such a paper somewhere in the office occupied by the clerk would not place it in his possession, as it might never be brought to his attention, and the paper could not in any sense be regarded as an office paper. As we understood the ruling in *Lovelady* v. *Hockenhull,* supra, the suggestion therein that leaving a paper in the office of the clerk might permit of its establishment instanter, under section 5312, supra, means leaving the paper *with* some one in the room of the clerk, and not merely depositing the paper somewhere in the office, without bringing it to the attention of some person in authority,—the clerk himself or one of his subordinates.

The affidavit of the clerk attached to the motion to establish a copy in lieu of the lost original does not even suggest that the

lost paper was ever at any time either in his possession or in his office, and it expressly declares that the paper was never filed. It is true, the affidavit states that the original paper "can not be found and has been lost or destroyed," but it does not appear that it was lost or destroyed after being deposited in the office of the clerk with any person therein, or after having been placed in the possession of the clerk himself. The original petition for the establishment of the copy alleges, as already mentioned, that the bill of exceptions was deposited in the clerk's office to be filed. It does not assert that it was deposited with the clerk or with any person acting for him or occupying his office at the time the deposit was made, nor does it affirmatively show that the paper was left in the office on deposit and ·was not withdrawn therefrom and thereafter lost or destroyed (before filing) by some person other than the clerk or his employees.

It may be that the application of this ruling will work a hardship upon the plaintiff in error, but it is most important to preserve intact the orderly methods of procedure in the various courts, and only by the enforcement of fixed rules can this result be accomplished.            *Writ of error dismissed.*