VERNER *v.* GANN, administrator.

A motion for new trial was filed during the term at which the case was tried, and a rule nisi granted for the respondent to show cause on a day during the succeeding term of the court. No brief of evidence was filed, nor did the order provide for the filing of a brief. On the day to which the rule was returnable, the court passed an ex parte order allowing the movant until a day later in the term to file a brief of evidence, and on the last-named day a brief of the evidence was presented to the judge, who, instead of approving the brief, dismissed the

motion for new trial on the ground that the brief of evidence was not filed as provided by the statute. *Held,* that the dismissal of the motion for new trial was not erroneous.

MARCH 15, 1916.

Motion for new trial. Before Judge Patterson. Cobb superior court. March 13, 1915.

*J. E. Mozley* and *H. B. Moss,* for plaintiff.

*N. A. Morris* and *George D. Anderson,* for defendant.

EVANS, P. J. On the 18th of January, 1915, during the session of the November adjourned term, 1914, of the superior court of Cobb county, there came on to be tried the case of Mrs. Maggie Verner against Gordon B. Gann, administrator of the estate of J. J. Verner, the same being a suit for money had and received. A verdict was returned in favor of the defendant. The plaintiff made a motion for a new trial, without attaching to the motion or filing, during the term, a brief of the evidence. An order was taken, directing the defendant to show cause on the 11th day of March, 1915, why the verdict should not be set aside and a new trial granted. This order contained no provision for filing a brief of the evidence subsequently to the term. Afterwards, and while court was in session in another county, an order was passed, on February 17, 1915, allowing the movant until March 11, 1915, to file a brief of the evidence. No brief was filed by that time, and on that day the presiding judge, while holding Milton superior court, granted another order extending the time for filing the brief to some future time; "the order not having been filed, the time does not appear from the records." The regular March term, 1915, of the superior court of Cobb county began its session on March 8, 1915, and was in session on the 10th of that month, on which day the presiding judge granted the following order: "The time for filing the brief of the evidence in this case having been extended from time to time until this day, further time is hereby given until March 13, 1915, the same being in term time of Cobb superior court, and this order being in term time." On March 13, 1915, Cobb superior court being still in session, the motion came on to be heard. On that day counsel for the movant presented to the presiding judge for his approval a brief of the evidence. Before the court had passed upon the approval of the brief of evidence, a motion was made to dismiss the motion for new trial, on the ground that no approved brief of the evidence had been filed. The

court dismissed the motion for new trial, and the movant brings error.

In the bill of exceptions it is recited that the plaintiff admits that the orders intermediate the initial order and that passed on March 10, 1915, are invalid because the court was without authority over the subject-matter. It is contended that inasmuch as the court had jurisdiction to pass the order of January 22, its effect was to carry the motion over into the next term of the court, and therefore, when he granted the order of March 10th, having jurisdiction and power over the subject-matter, it was error to have disregarded the latter order and treated the same as having been passed without authority, and accordingly it was erroneous to dismiss the motion for new trial. The infirmity of the position taken by the plaintiff is that the statute makes a brief of evidence indispensable to the validity of a motion for new trial. Where a motion for new trial is made at a term which does not continue for thirty days after the trial, it is necessary, under the statute, that the brief of the evidence shall be filed during the term, or that an order shall have been passed during the term allowing a longer time in which the brief might be filed. When no brief of evidence was filed, and no order taken for an extension of time, no valid motion was pending; and it was not error to dismiss the same on motion. *Taliaferro* v. *Columbus Railroad Co.*, 130 *Ga.* 570 (61 S. E. 228).

*Judgment affirmed. All the Justices concur.*