## 11927.  GRANTHAM v. THE STATE.

1. Where the words "at 10 o'clock" on a certain day appear in an order setting a motion for a new trial, a reasonable constructon of these words is that they mean 10 o'clock a. m.; and when the judge who signed the order so construes them, this court will not interfere.

2. Where a motion for a new trial by the defendant in a criminal case was set to be heard at a certain time, and the order of the judge provided that the solicitor of the city court should be served with a copy of the rule nisi, and it was also provided by order that the movant have until the hearing to prepare and present for approval a brief of the evidence, and it appeared that at the time fixed for the hearing there had been no service of the rule nisi upon any one representing the State, and no acknowledgment of service thereon, and no brief of evidence had been prepared and presented to the judge for approval, it was proper for the court to dismiss the motion for a new trial.

3. Where a motion for a new trial was dismissed under the circumstances stated above, and some thirty minutes thereafter an oral motion was made to reinstate the motion, on account of the absence of leading counsel for the movant, who stated that he had been constantly engaged in preparing cases in another court, and that he did not understand that the motion was to be called promptly at 10 o'clock a. m., the judge did not abuse his discretion in overruling the motion to reinstate.

DECIDED JANUARY 25, 1921.

Motion for new trial; from city court of Douglas. September 20, 1920.

At the August term of the city court of Douglas a verdict was rendered against the plaintiff in error, and on the 20th day of August he made a motion for a new trial. On this motion the judge entered the following order: "Read and considered. It is ordered that the State show cause before me at Douglas, Ga., at 10 o'clock on the 20th day of September, 1920, why the foregoing motion should not be granted. It is further ordered that the solicitor of the city court be served with a copy of this motion and order." It was also provided by order that the movant have until the hearing to prepare and present for approval a brief of the evidence in the case. At 10 o'clock on the 20th day of September the judge signed an order as follows: "The motion for a new trial in the above-stated case coming on regularly for a hearing before me on this the 20th day of September, 1920, in accordance with the order previously entered, and upon the call of the same it appearing upon the mo-

tion to dismiss, made by the solicitor of this court, that no copy of the rule nisi issued in said matter has ever been served upon the solicitor of this court or other counsel representing the State, nor has any acknowledgment of service been entered thereon, and it further appearing that no brief of the evidence adduced upon the trial of said case has been prepared or approved by the court, it is therefore considered, ordered, and adjudged by the court that the motion of the solicitor to dismiss the above-styled motion for new trial, upon the grounds herein set forth, be and the same is hereby sustained and said motion is dismissed, and the supersedeas heretofore granted herein is revoked. " The bill of exceptions recites that this order was " granted over the objections of T. H. Nolan, one of the attorneys of record in said case, who thereupon stated to the judge that movant had the day to perfect his motion, and that movant expected to and would complete his motion during the day *provided a fee for same was paid by defendant* [italics ours], and be ready to hear same; that Levi O'Steen was the leading counsel for movant, and that he was not present; that in some thirty minutes after said order had been granted said Levi O'Steen appeared in court with said motion for a new trial, and presented same to Hon. J. A. Roberts, solicitor of the city court of Douglas, who then and there waived and acknowledged service for the State of Georgia — he having not been previously served — on said original motion; and, learning of the passing of said order, said Levi O'Steen made a verbal motion to the judge of said court to vacate said order dismissing said motion for a new trial and allowing movant to present and have approved a brief of the evidence of said case, stating that he had several cases pending in the superior court of Jeff Davis county, which convened at 10 o'clock a. m., and that the train left for Hazlehurst at 11.20, and he had been constantly engaged trying to prepare his cases ready for trial at said Jeff Davis superior court, and that he did not understand that the same was to be called promptly at ten o'clock a. m., and that he had the day to perfect same; that it is usual and customary in such cases that the parties get together sometime during the day the same is assigned for hearing and get the matter passed upon in some way, and that he did not understand that this case was an exception, and could not see or understand

why the same would be particularized and dismissed peremptorily without movant or his counsel being present."

*Levi O'Steen, T. H. Nolan,* for plaintiff in error.

*J. A. Roberts, solicitor,* contra.

BLOODWORTH, J. 1. (After stating the foregoing facts.) The order of the judge setting the motion to be heard " at Douglas, Ga., at ten o'clock on the 20th day of September, 1920," was construed by him as meaning 10 o'clock a. m. This was a reasonable construction, and the judge who passed the order having so construed it, this court will not interfere. See *Pinnebad* v. *Pinnebad,* 129 *Ga.* 267 (58 S. E. 879), and cases cited.

2. The court did not err in dismissing the motion for a new trial for the reasons stated in the order copied in the foregoing statement of facts, although one of the attorneys for the defendant was present and stated that " movant expected to and would complete his motion during the day; provided a fee was paid, for same by the defendant, and be ready to hear same," and stated further that " Levi O'Steen was the leading counsel for movant, and he was not present," but made no request that the case be postponed until the arrival of Attorney O'Steen. This was correct because:

(*a*) Section 6080 of the Civil Code of 1910 provides that " in all applications for a new trial the opposite party shall be served with a copy of the rule nisi unless such copy is waived." In *Smedley* v. *Williams,* 112 *Ga.* 114 (1) (37 S. E. 111), the Supreme Court held: " There was no error in dismissing the motion for a new trial for want of service of a copy of the rule nisi issued thereon upon the respondent in the motion, it not appearing that such service had been waived." *Smith* v. *Exchange Bank,* 145 *Ga.* 310 (89 S. E. 209), is a case in which the facts are quite similar to those in the present case, and in that case it was held that " there was no error in dismissing the motion for a new trial because of failure to serve the rule nisi."

(*b*) Section 6090 of the Civil Code of 1910 provides that " where an order is taken to hear a motion for a new trial in vacation, the brief of evidence must be presented for approval within the time fixed by the order, or else the motion will be dismissed." In *Taylor* v. *Tanner,* 143 *Ga.* 18(1) (84 S. E. 68), the Supreme Court said: " An approved brief of evidence

is an indispensable part of the motion for a new trial; and if not prepared and presented as provided in the order setting the hearing in vacation, the motion for a new trial is properly dismissed on motion." See also *Sewell* v. *Sewell*, 148 *Ga.* 473 (96 S. E. 1037).

3. The court did not abuse its discretion in refusing to reinstate the motion for a new trial on the oral motion of counsel for plaintiff in error under the facts as they appear in the record. See, in this connection, *Kennedy* v. *Dukes*, 137 *Ga.* 209 (73 S. E. 400). The acknowledgment of service on the motion for a new trial by the solicitor of the city court did not have the effect of vacating the order previously passed by the judge dismissing the case, nor did it take from the judge any of his discretionary powers.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*