Hill, J.
The Court of Appeals rendered the following decision: “1. ‘The general rule is that a motion for new trial, which includes a brief of the evidence, must be made during the term at *892 which the trial was had; and where a motion for new trial is made in term, and no brief of the evidence is filed [during that term], and no order of court is taken extending the time at which the brief of evidence may be filed, it is proper to dismiss the motion [upon its hearing in vacation or at a subsequent term]. These requirements are jurisdictional! Garraux v. Ross, 150 Ga. 645 (104 S. E. 907), and cit. 2. Under the above-stated ruling and the facts of the instant case, the court erred in overruling the motion to dismiss the motion for a new trial; and the cross-bill of exceptions, assigning error on that judgment, is meritorious. In each of the cases cited in the brief of counsel for the defendant in error in the cross-bill of exceptions, in which it was held that the dismissal of the motion for a new trial was within the discretion of the court, there was an order of court extending the time for filing the brief of the evidence. Under the facts here, no brief of the evidence haying been filed during the proper term, and no order taken for an extension of the time of filing, no valid motion for a new trial was pending (Verner v. Gann, 144 Ga. 843, 88 S. E. 204), and the court had no discretion in the matter.”
A petition to the Supreme Court for certiorari was granted. It appears from the record that when the case was tried the losing party made a motion, for new trial. The motion for new trial was made during the May term, 1929, of Eulton superior court, which embraced the months of May and June. The rule nisi called on the plaintiffs to show cause, on June 22, 1929, why a new trial should not be granted. It was further <e ordered that the brief of evidence may be presented for approval on or before the actual date of hearing of said motion.” The motion for new trial was not heard on June 22, 1929, which, as stated above, was during the May term of court. There was no further order setting the hearing on the motion for new trial until August 10, 1929. On the latter date, which was during the July term of Fulton superior court, said term embracing the months of July and August, the motion was set for hearing on August 16. On this date the attorneys for the plaintiff made a motion to dismiss the motion for new trial, on the grounds that no brief of evidence was filed within the time allowed by law; that no brief of evidence was presented for approval on June 22, 1929, the time provided in the order for the presentation for approval of the *893 brief of evidence; that on June 22, 1929, the date fixed for hearing on the motion for hew trial by the order of the trial judge, no order was taken extending the time for filing or approval of the brief of evidence beyond the term, or to any other time; and no brief of evidence being filed within that time, the court was without jurisdiction to entertain the motion for new trial on August 16, 1929, during the July term of said court. The motion was not passed upon until August 26, 1929, which was still within the July term of court. After argument on the motion to dismiss the motion for new trial, the lower court overruled both' the motion for new trial and the motion to dismiss. The case was taken to the Court of Appeals, and the decision above quoted was rendered, reversing the judgment and holding in effect that the motion for new trial should have been dismissed because no brief of evidence was filed within the time prescribed by law.
In the view we take of this case the Court of Appeals erred iii holding that the motion for new trial should have been dismissed. It will be observed that the order of the trial judge set the motion for new trial for hearing on June 22, 1929, which was during term time; and no further order was necessary to hear the motion at a subsequent term of court, for the reason that, by operation of law, if the motion was not heard in one term it would go over until the succeeding term or terms of court and stand upon the docket for hearing without an order; and therefore an order extending the hearing to August 26 was unnecessary. Section 6090 of the Civil Code provides, in part, that "where, through no fault of the movant, a motion is not heard in vacation, or where a hearing is adjourned to the next term, the motion stands for hearing in term as if no order had been taken.”
In addition to this it was stated in the rule nisi that "the brief of evidence may be presented for approval on or before the actual date of hearing said motion.” The actual date of hearing was on August 26, during term time, to which date the case had been carried forward; and therefore, when a brief of evidence was presented on that date for approval by the judge, the trial court rightly decided that the motion to dismiss should be overruled. Verner v. Gann, 144 Ga. 843 (supra); Brinn v. Mason, 147 Ga. 471 (94 S. E. 563); Luke v. Luke, 158 Ga. 103; Thompson v. Thompson, 118 Ga. 543 (123 S. E. 716); Broadway National Bank *894 v. Kendrick, 124 Ga. 1053 (53 S. E. 575); Cross v. Coffin-Fletcher Packing Co., 123 Ga. 817 (51 S. E. 704).
The Court of Appeals erred in reversing the judgment of the trial court refusing to dismiss the motion for new trial. The cases cited by the Court of Appeals as authority for its ruling are distinguishable from the present case.

Judgment reversed.

All the Justices concur.