HUMPHRIES *v.* MORRIS *et al.*

No. 10004.   JUNE 15, 1934.

*Thomas E. Scott,* for plaintiff.

*McDaniel, Neely & Marshall* and *A. H. Freeman,* for defendants.

GILBERT, J.   Marion R. Humphries brought suit in the superior court of Coweta County against J. H. Morris et al. The defendants demurred to the petition. On July 10, 1933, the trial judge passed the following order: "The above demurrer is overruled, provided plaintiff, on or before August 1st, 1933, amends by setting out the date of the alleged tender. Upon his failure to do so the general demurrer is sustained." On July 26, 1933, counsel for petitioner mailed an amendment to the judge. The judge being

absent from his circuit, the receipt of the amendment was acknowledged by a person who signed as secretary to the judge. The bill of exceptions recites: "The amendment allowed by the court on July 31st, 1933, was not actually filed in the clerk's office of the superior court of Coweta County until August 4, 1933." Subsequently the defendants moved to dismiss the case, on the ground that the petition was not amended in compliance with the terms of the order of the judge, which provided that the plaintiff could amend "on or before August 1st, 1933," and that on failure to do so "the general demurrer is sustained." After a hearing on the motion the court rendered the following judgment: "The within motion to dismiss the within case coming on to be heard, and it appearing that the amendment referred to in the order of the court of July 10th, 1933, was not filed in the office of the clerk of the superior court of Coweta County until Aug. 4th, 1933, the case is hereby dismissed, with judgment against the plaintiff for costs." The exception is to that judgment. The sole question for determination is whether or not failure to *file*, on or before August 1, 1933, the amendment which was *allowed* within the time, required a dismissal of the petition.

■   Where a demurrer to a petition is interposed, and a judgment is rendered thereon which allows time for an amendment to the petition, and the effect of the judgment is to dismiss the petition as a whole unless there is compliance with the judgment by amending within the time, the judge is powerless, after the expiration of the time, to amend the judgment and allow additional time. This is true for the reason that the judgment disposes of the case entirely, and the court has no longer any jurisdiction. If, on the contrary, in such a case the court overrules the demurrer, and where the judgment does not go further and prescribe that the petition is dismissed on failure to comply with the order, the whole case is not out of court, but, on the contrary, is still pending. In the latter circumstances the court has jurisdiction to take such further action as may be appropriate, such as extending the time for amendment. The judgment in this case, properly construed, sustained the general demurrer and dismissed the entire case unless plaintiff amended his petition in the manner stipulated, on or before August 1, 1933. The failure so to amend by the time stipulated resulted in the automatic dismissal of the entire case, and

the court no longer had any jurisdiction thereof. *Blyth* v. *White,* 178 *Ga.* 488 (173 S. E. 421).

■ An amendment to a petition is no part of the record until it is filed. Therefore mere allowance of an amendment on or before the time allowed in the judgment, without filing, is not a compliance with the order. "A proposed amendment can not properly be so filed as to become a part of the record, until it has been allowed. Merely having it filed will not suffice. It is not a sufficient compliance with an order allowing a party twenty days to amend his pleadings, to file a proposed amendment without any allowance thereof. *Richards* v. *Shields,* 138 *Ga.* 583 (75 S. E. 602), and citations." *Johnson* v. *Vassar,* 143 *Ga.* 702 (85 S. E. 833) ; *Clark* v. *Ganson,* 144 *Ga.* 544 (3), 545 (87 S. E. 670). In *Barnett* v. *East Tenn., Va. & Ga. Ry. Co.,* 87 *Ga.* 766 (2) (13 S. E. 904), it was held : "Where an amendment to a declaration is offered and disallowed by the court, it does not constitute a part of the record; and in order to have this court review the ruling of the court below in rejecting such offered amendment, it should be set out in the bill of exceptions or annexed to the same as an exhibit, properly authenticated." To the same effect see *Sibley* v. *Mutual Reserve Fund Life Association,* 87 *Ga.* 738 (13 S. E. 838) ; *Taylor* v. *Mc-Laughlin,* 120 *Ga.* 706 (48 S. E. 203). "A party, as a matter of right, can not file an amendment without previous order of the judge." *Branan* v. *Baxter,* 122 *Ga.* 224 (50 S. E. 45). Obviously the reason underlying the ruling that an amendment which has been disallowed by the court "does not constitute a part of the record" is that it can not be filed. If there could be portions of the record which had not been duly filed, it would be impossible for the court and counsel to know when they had a complete record before them. Any other view would lead to utter confusion. If one could amend his pleadings by merely having the amendment "allowed" by the trial judge, without filing, the effect would be to place it in the power of the amending party to prevent an exception to the judgment by withholding it from the record until the time had expired within which the exception might be certified by the court and filed. This would deprive the opposite party of a substantial right. That such procedure would lead to confusion seems to have been assumed by the court in deciding the case of *Johnson* v. *Vassar,* supra, where it was said : "A proposed amend-

ment can not properly be *so filed as to become a part of the record* until it has been allowed." Clearly that amounts to a ruling that an amendment can not become a part of the record until it is filed.

In *Lovelady* v. *Hockenhull,* 58 *Ga.* 469, it was held: "A certiorari not marked 'filed in office,' nor ever in the office of the clerk of the superior court, nor ever in the possession of the clerk at all, is not an office paper so as to be established by copy instanter, on motion, under section 3980 of the Code" (Civil Code of 1910, § 5312). The above ruling was made notwithstanding the fact that the certiorari had been sanctioned by the judge and handed to the plaintiff. The court held that the paper was the "private property" of the petitioner until it was in the possession of the clerk or filed in his office. In *Perry* v. *Friedin,* 17 *Ga. App.* 417 (87 S. E. 683), it was held that the trial court can not establish a lost bill of exceptions which "has not been filed," nor deposited with the clerk nor with any subordinate in his office. It has several times been held that until a motion for new trial "is filed, it is a mere private paper." *Hilt* v. *Young,* 116 *Ga.* 708 (43 S. E. 76); *United States Fidelity & Guaranty Co.* v. *First National Bank of Cornelia,* 149 *Ga.* 132 (99 S. E. 529); *Peavy* v. *Peavy,* 167 *Ga.* 221 (145 S. E. 55). In *Hilt* v. *Young,* supra, it was said: "It is true that in *Wynne* v. *Stevens,* 101 *Ga.* 808 (28 S. E. 1000), Mr. Presiding Justice Lumpkin says that presenting a petition for the foreclosure of a mortgage 'to the judge was equivalent to a filing of it in court, and the fact that he took official action upon it is itself evidence of such filing. The clerk's entry was also evidence, but it was not the exclusive method of proving the fact of filing.' It appeared in that case that the petition was actually filed and an entry of filing made by the clerk thereon three days after the rule nisi was issued; and it was ruled that it was not necessary that the petition should have been filed before the rule was issued, both having been done at the same term of court. It thus appears that the language above quoted was obiter, and upon mature consideration we are satisfied that it does not state the correct rule. If the fact that the judge grants a rule nisi on a petition or a motion for a new trial is to be treated as conclusive evidence that the pleading has been filed, then it follows necessarily that taking such official action by the judge would dispense altogether with the necessity of an actual filing; and we do not think this can be done.

The law says the paper must be filed, and it is not within the power of the judge to dispense with the necessity of compliance with this law. It would be a very loose practice to allow the counsel for the losing party in a case to present to the judge a motion for a new trial, obtain a rule nisi thereon, procure an acknowledgment of service, and then constitute himself or his client the custodian of the paper until the motion was finally disposed of. Such a practice as this ought not to be allowed unless there is express law authorizing it."

Admittedly there is a strong sympathetic urge to make some exception to what is considered the sound and necessary rule, in a case where there are extenuating circumstances. Counsel, who relied upon the United States mail, was doubtless merely following a custom among many of the profession. On the other hand, it can not be overlooked that had counsel personally followed the matter closely enough, the amendment which was allowed on July 31 could have been filed within the time limit, August 1. However that may be, undoubtedly it is better to establish a fixed rule of practice rather than to allow exceptions which must be passed upon in the individual case and which would destroy the validity of the rule altogether. It was held in *Zipperer* v. *Helmly,* 148 *Ga.* 480 (97 S. E. 74) : "Under proper construction of the order allowing the plaintiff thirty days in which to present to the court an amendment of his petition, it was within the power of the court, to allow an amendment which had been filed, within the thirty days so allowed, in the office of the clerk of the court where the case was pending, but had not been presented to the judge within the thirty days." In that case the amendment was filed within the time required by the judge's order, as in *Richards* v. *Shields, Johnson* v. *Vassar,* and *Clark* v. *Ganson,* supra. In this case the judge construed his order as requiring the amendment to be *filed* "before August 1st, 1933." If the order is susceptible of a construction that it must either be "filed" or "approved" by August 1st, "the Supreme Court will adopt that construction of the order which is placed upon it by the judge who granted it." *Barnes* v. *Macon & Northern R. Co.,* 105 *Ga.* 495 (30 S. E. 883) ; *Brown* v. *Richards,* 114 *Ga.* 318 (40 S. E. 224) ; *Gould* v. *Johnston,* 123 *Ga.* 765, 769 (51 S. E. 608) ; *Pinnebad* v. *Pinnebad,* 129 *Ga.* 267 (58 S. E. 879) ; *Baxter* v. *Camp,* 129 *Ga.* 460 (2) (59 S. E. 283). Other

cases mentioned in connection with the rule as to filing briefs of evidence in motions for new trial are, *Hightower* v. *George,* 102 *Ga.* 549 (26 S. E. 729); *Malsby* v. *Young,* 104 *Ga.* 205 (30 S. E. 854); *Marlin* v. *Monroe,* 107 *Ga.* 330 (33 S. E. 62); *Mitchell* v. *Masury,* 132 *Ga.* 360 (3) (64 S. E. 275); *Central of Georgia Ry. Co.* v. *Bell,* 133 *Ga.* 94 (5) (65 S. E. 155); *Cobb* v. *Hall,* 136 *Ga.* 254 (71 S. E. 145); *Verner* v. *Gann,* 144 *Ga.* 843 (88 S. E. 204). It will be seen from a careful examination that no one case, cited above, in terms rules on the exact question here presented. The present case must be decided by applying principles found from analysis of cases and statutes. Thus we find that the only sound rule is that no document is a part of the record of a case until it is filed; and according to the construction placed upon the order by the judge who granted it, the proffered amendment was not a compliance therewith.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Bell, J., who dissent.*

BELL, J., dissenting. The plaintiff alleged that he had tendered a certain sum of money to the defendant insurance company, but did not give the date of such tender. On considering the demurrer to the petition the court passed the following order: "The above demurrer is hereby overruled, provided plaintiff, on or before August 1st, 1933, amends by setting out the date of the alleged tender. Upon his failure to do so the general demurrer is sustained." The date of this order was July 10, 1933. On July 26, an attorney for the plaintiff mailed from his office in Atlanta an "amendment" to the presiding judge at LaGrange, Georgia, which he offered as a compliance with the judge's order, and in reply received a letter from the judge's secretary stating that the judge would return "from his vacation" the first part of the next week, when the letter from plaintiffs' counsel would be called to his attention. The judge, having returned to his office by July 31, 1933, allowed the amendment on that date and mailed the same to the attorney in Atlanta. It was not filed in the office of the clerk of the superior court of Coweta County until August 4, 1933. Subsequently the defendants moved to dismiss the case, on the ground that the petition was not amended in compliance with the terms of the order of the trial judge, because the amendment was not filed on or before August 1.

The sole question for determination is whether or not failure to *file,* on or before August 1, 1933, the amendment which was *allowed* within time, required dismissal of the petition. It is true that a suit is not commenced until it has been duly filed in the office of the clerk, and also that a motion for a new trial is not "made" without filing; but an amendment is not an original proceeding, and the strict rule as to the filing of a petition, or of a motion for a new trial, would seem to be inapplicable. In this case we are dealing with an amendment, and not an original proceeding. To determine whether the petition was amended within the terms of the order necessitates an interpretation of the order itself, and this is the only matter for consideration. What did the judge apparently mean in stating that the demurrer is overruled, provided the plaintiff, on or before August 1, 1933, "amends" by setting out the date of the alleged tender? Upon a reasonable construction, it would seem that as concerns the question here under consideration the judge intended merely that the demurrer would be overruled if the amendment was offered and allowed, whether filed or not, within the time prescribed. In *Branan* v. *Baxter,* 122 *Ga.* 224 (supra) it was said that the offering of an amendment "is an application for it to be made a part of the record; and when the court denies the application, it is no part of the record and can not be filed as such." The implication is that when an amendment is allowed it becomes a part of the record, provided it is filed within such time as may be necessary for its identification as a part of the record in the further progress of the case. It is not disputed that filing should ultimately follow the allowance of an amendment, but it is hardly reasonable to say that filing must follow instantly. If the court, instead of allowing time for the amendment, had ordered that if the plaintiff would then and there amend so as to give the date of the alleged tender the demurrer would be overruled, otherwise sustained, and if an amendment had been instantly offered and allowed, would it have been contended that the petition should nevertheless be dismissed because the amendment was not simultaneously filed in the office of the clerk of the superior court in the county in which the suit was pending, which was a different county from that in which the order was passed? Such a contention, if made, would doubtless have been swept aside as supertechnical and not consistent with the

true intendment of the order. Here the amendment was tendered several days before the expiration of the time limit, but, without fault on the part of plaintiff's counsel, was not allowed by the trial judge until July 31. Under the circumstances shown, the plaintiff's counsel had no reasonable opportunity to have the amendment filed by August 1. In any view, it was filed in time when delivered to the clerk on August 4. The order passed in this case does not imply an intention to add filing as a condition precedent. When the proffered amendment was allowed on July 31, it was thereby made a part of the original petition, and the previous order was complied with. The filing was a distinct matter, constituting no part of the amendment itself, and contributing nothing to its nature as such. It is the order allowing it, not its deposit with the clerk, which engrafts it upon the petition, and the union is complete when the order is passed. The act of filing should, of course, follow for the purpose of identification and official keeping, but, unless otherwise ordered, it would be sufficient for the amendment to be filed within a reasonable time, depending upon the further progress of the case, as, for instance, the suing out of a bill of exceptions to review the judgment. It is respectfully submitted that none of the cases cited by the majority support the proposition that a petition is not amended until the proffered amendment is both allowed and filed.

According to common practice and understanding among the legal profession, an amendment becomes a part of the petition when it is allowed by an appropriate order by the trial judge, and this was the evident meaning of the order here in question. Whatever the judge may have intended in his own mind, the plaintiff acted upon the order in accordance with the *na'ural import* of the language used, and this court should not adopt the construction now placed upon it by the trial judge, as may be done where an order is susceptible to more than one interpretation. There was here no ambiguity, as in cases like *Barnes* v. *Macon & Northern R. Co.,* 105 *Ga.* 495 and *Brown* v. *Richards,* 114 *Ga.* 318 (supra). It was said by Judge Russell in *News Publishing Co.* v. *Lowe,* 8 *Ga. App.* 333 (69 S. E. 128), that where the trial court allows an amendment to meet a defect pointed out by special demurrer, the petition should not be dismissed. Nothing whatever was said in regard to filing. In *Strachan* v. *Wolfe,* 2 *Ga. App.* 254 (58 S. E. 492), it

was held by Judge Powell that a motion to reinstate is to be regarded as filed "when actually presented to the court for action, though the written entry of filing by the clerk is not made until a later date." In *McCaulla* v. *Murphy*, 86 *Ga.* 475 (12 S. E. 655), it was held that when an "amendment was made and acted upon by the court and the parties, that was sufficient," although the amendment had never been formally allowed by the court. In *Latimer* v. *Irish-American Bank*, 119 *Ga.* 887 (5) (47 S. E. 322), it was held not essential to the validity of a decree "that the answers of the defendants should have been marked filed by the clerk, the answers having in fact been in the hands of the court, and having been considered in making the decree."

No case directly in point has been found, but cases relating to the filing of briefs of evidence in connection with motions for new trials are analogous and persuasive. Notwithstanding the rule that "the brief of evidence must be filed during the term" unless the time is extended by an order passed during the term (*Verner* v. *Gann*, 144 *Ga.* 843, supra), it has been held that an order approving a brief of evidence within the time allowed may prevent a dismissal of the motion, although the brief is not instantly filed. In *Gould* v. *Johnston*, 123 *Ga.* 765 (3) (supra), it was held: "Under an order passed in term, fixing a day in vacation for the hearing of a motion for a new trial, and granting leave to the movant 'to amend his motion and until the said day, and on said day, to amend and to perfect his brief of evidence in the case,' it is the right of the movant, on the day set for the hearing, to present for approval a brief of the evidence and to file the same after it has been perfected and approved by the court." In *Anderson* v. *Sapp*, 135 *Ga.* 204 (3) (69 S. E. 181), it was held: "The approval by the judge of a brief of evidence, under an order allowing him to do so at the hearing of a motion for a new trial, and making provision for its subsequent filing, is the equivalent of an entry of filing upon the brief by the clerk." In *Central of Georgia Railway Co.* v. *Bell*, 133 *Ga.* 92 (5) (supra), it was said: "A rule nisi directed that the brief of evidence might be filed within ten days after the motion for a new trial was heard and determined. Though the brief of evidence, which was approved by the court before the hearing of the motion and specified in the bill of exceptions as part of the record, and as such sent here by the clerk,

was not filed within such ten days, and was filed after the bill of exceptions was filed, it will be considered by this court." In *Cobb* v. *Hall*, 136 *Ga.* 254 (supra), it was said: "The approved brief of evidence which was considered on the hearing of the motion for a new trial constituted a part of the record in the case, although not filed after the hearing and judgment on the motion within the time prescribed by the judge's order, but before the bill of exceptions was sued out." See also *Malsby* v. *Young,* 104 *Ga.* 205; *Martin* v. *Monroe,* 107 *Ga.* 330; *Mitchell* v. *Masury,* 132 *Ga.* 360 (3) (supra).

There is no statute to the effect that an amendment must be filed before it may be considered as a part of the original pleading; and if the order in this case did not expressly or impliedly include filing as one of the conditions to be complied with, the petition should not have been dismissed merely because the amendment which was offered and duly allowed was not also filed within the time prescribed. Reasonably construed, the order did not include such a condition, and it was error to dismiss the petition as for a failure to comply therewith.

Mr. Chief Justice Russell concurs in this dissent.