380

GORMLEY, superintendent of banks, *v.* WILSON *et al.*
BENNETT *et al. v.* GORMLEY, superintendent of banks, *et al.*

Nos. 9901, 9910.   SEPTEMBER 14, 1934.

*C. N. Davie, J. F. Kemp,* and *Leon Hood,* for plaintiff.
*Boykin & Boykin, Beall & Beall, Smith & Millican, Boyd H. Lovvorn,* and *Little, Powell, Reid & Goldstein,* for defendants.

ATKINSON, J.   ■   After the judgment sustaining the general demurrer to the original petition as amended was reversed (*Gorm-*

*ley* v. *Wilson,* 176 *Ga.* 711), the trial judge, on April 4, 1933, referred the case (except "the question as to the demurrer") to an auditor, and in the order of reference directed the auditor to "consider, allow, or reject such amendments as may be offered during the progress of the hearings and before his report is made." On June 10, 1933, paragraphs 4 and 5 of special demurrer to corresponding paragraphs of the original petition as amended were "sustained, unless plaintiff, within 15 days from this date, amends to meet the defects therein pointed out." On June 12, 1933, an amendment striking paragraph 4 and enlarging paragraph 5 was allowed by the auditor, subject to demurrer, and on the same day was filed in the office of the clerk of the superior court. On June 27, 1933, a demurrer to this amendment was interposed, and the judge entered an order assigning the matter to be heard July 14, 1933, and directed the auditor "not to hear and determine this case . . until the pleadings are perfected as required by the original .order passed appointing an auditor." At the hearing on the date last mentioned the judge sustained the demurrer to the amendment and dismissed the action. Under the orders of court the auditor was authorized to allow the amendment to paragraphs 4 and 5 of the petition. And the amendment, having been filed in the office of the clerk of the superior court two days after the order allowing time in which to amend said paragraphs, was sufficient as against the ground of demurrer that "the same was not properly allowed and filed as required by law, within fifteen days from passing of the order on June 10, 1933." The case differs from *Humphries* v. *Morris,* 179 *Ga.* 55 (175 S. E. 242), in which the amendment was not filed in the office of the clerk of the court in the time allowed by the order of court.

It was alleged in paragraph 5 of the original petition that "the assets of the Bowdon Branch had in 1926 been delivered to L. E. Wilson and W. L. Brooks of said county, J. G. Smith of Douglas County, and J. B. Barnes, now·a non-resident of this State, and styled 'trustees' under a contract by which they were to collect and distribute the assets of said bank in accordance with said contract, one of the provisions being that said distribution should be equally and ratably to each of the creditors thereof." This paragraph was demurred to on the ground that it was indefinite and a mere conclusion of the pleader; and further: "a. Demurring

to that part of paragraph five as follows: 'That the assets of the Bowdon Branch had in 1926 been delivered, . . ' defendants say that the word 'assets' is a conclusion of the pleader, and that the plaintiff should be required to set out with particularity the assets, and give a definite description of the assets alleged to have been delivered to said trustees. 1. That same is a mere conclusion of the pleader, is vague, loose, indefinite and uncertain, and therefore should be stricken. b. Demurring further to that part of paragraph five as follows: 'Under a contract by which they were to collect and distribute the assets of said bank, . . ' defendants insist that the same is a mere conclusion of the pleader, vague, indefinite, loose, and uncertain, and should therefore be stricken. 1. That the said [language] is vague, indefinite, and uncertain, does not set out what the contract was, nor a copy thereof, nor is a copy attached to the suit, nor does it set out the assets, particularizing what assets were to be delivered, and the same should set forth specifically and in detail; therefore the same is insufficient in law, being without certainty and definiteness, the assets not being shown to the court; and therefore the same should be stricken." An amendment to the petition, filed on October 12, 1931, alleged, in paragraphs 2-15, that specifically described property as assets of the insolvent bank had been transferred to the individual persons named in paragraph 5, and by them transferred to other named persons who were made parties defendant. The amendment did not set forth a copy of the alleged contract mentioned in paragraph 5 of the petition. Referring to the foregoing special demurrers the judge ordered that "paragraphs 4 and 5 are hereby sustained, unless plaintiff within fifteen days from this date amends to meet the defects therein pointed out." The plaintiff within the time limit amended by striking paragraph 4, and amended paragraph 5 by alleging that·"all assets of the Georgia State Bank, Bowdon Branch, in the hands of the superintendent of banks on the 11th day of October, 1926, including notes and real estate set out and particularized in the original petition and amendment heretofore allowed in this case, were surrendered and turned over to the defendants J. B. Barnes, L. E. Wilson, J. G. Smith, and W. L. Brooks under the contract referred to in the 5th paragraph of said petition, a copy of said contract being hereto attached, marked Exhibit AA, and made a part hereof, with the usual prayer for

reference." The exhibit was duly attached. A demurrer to this amendment charged. "1. That paragraph two of the attempted amendment to paragraph five should be stricken, together with the exhibits thereto attached, for the reason: (a) That the said amendment does not meet the demurrer as filed in this case to paragraph five of the original petition, which demurrer was sustained by the court on June 10, 1933, with leave to amend the same within fifteen days. (b) Defendant demurs further to paragraph two of said amendment, and says that the same should be stricken for the reason that the same was not properly allowed and filed as required by law, within fifteen days from passing of the order on June 10, 1933. 2. Defendants demur further to the petition as a whole now, and say that since paragraph five has been stricken by the court and no amendment filed to meet the same, the whole petition falls and the whole suit should be dismissed." The judge finally sustained this demurrer and dismissed the petition. The amendment was sufficient as against the grounds of demurrer urged against it. Paragraph 4 of the petition was eliminated, and need not further be mentioned. Paragraph 5 as amended, considered in connection with the other allegations of the petition as amended, was sufficient as against the grounds of special demurrer. The judge therefore erred in sustaining the demurrer to the final amendment, and in dismissing the action.

■■ The rulings announced in headnotes 3 and 4 do not require elaboration.

*Judgment reversed on the main bill of exceptions, and on the cross-bill. All the Justices concur.*