SPRINZ, executor, vs. VANNUCKI.

The grounds of an affidavit of illegality must be verified positively. An oath qualified by the words, "to the best of his knowledge and belief," is not sufficient, though the oath be made by an executor to an affidavit of illegality filed to an execution against his testator; nor does the fact that, in his affidavit to the truth of the grounds, the executor states that it is based upon the testimony of reliable witnesses, suffice to relax the rule.

May 28, 1888.

Affidavit of illegality. Verification. Executors. Before Judge HARRIS. City court of Macon. December term, 1887.

Reported in the decision.

HILL & HARRIS, for plaintiff in error.

R. W. PATTERSON, *contra.*

SIMMONS, Justice.

Vannucki, as transferee of an execution against Jacob Russell, had the same levied upon certain property of Russell, after the death of the latter. Sprinz, the executor of Russell, filed an illegality to this execution, setting up that the execution had been paid off. The executor swore that the statements in the affidavit of illegality were true "to the best of deponent's knowledge and belief; and that this affidavit is based upon the testimony of reliable witnesses." On motion of the plaintiff, the illegality was dismissed for want of sufficiency in the affidavit. Sprinz filed his bill of exceptions to the ruling of the court and assigned error therein.

In the case of *Stancel vs. Puryear*, 58 *Ga.* 445, it was held that such an affidavit was properly stricken on demurrer. See also the cases cited in that opinion. We know of no law which changes the rule when the affidavit is made by an executor or administrator. The code, §3664, requires the person whose property is levied on to make oath in writing and state the cause of such illegality. An oath qualified by the words, "to the best of his knowledge and belief," is not sufficient under this section of the code. This section contemplates a positive affidavit. The affidavit made by this executor is a qualified one. The grounds are stated with sufficient positiveness, but the affidavit itself lacks that certainty. "The ground may be false," as was stated in the case of *Bryan vs. Ponder*, 23 *Ga.* 482, "and yet it may be true to the best of the knowledge and belief of the affiant. It is much weaker than the affidavit of belief, for the party does not state that he does believe." The code, §2670, allows attorneys in fact,

executors and other trustees, to file affidavits of illegality, but makes no provision for them to qualify their affidavits by adding the words, "to the best of their knowledge and belief." If the legislature had seen proper to allow a qualified affidavit of this sort to be filed in cases of illegality, they would have so provided, as they did in the law of attachments, where an agent or attorney is allowed to make a qualified affidavit to the amount claimed to be due; and as they did in the act allowing attorneys and agents to swear to pleas "to the best of their knowledge and belief." Code, §§3265–3449.

Nor do we think that the fact that in this affidavit he says that it is based upon the testimony of reliable witnesses, can change the rule above laid down. He does not state who the witnesses are, nor what facts the witnesses will testify to.

Judgment affirmed.