THOMAS *v.* THE STATE.

1. The drunkenness, if any, being voluntary, and no request being made to charge anything on the subject, it was not error as against the accused for the court to omit any reference to section 4301 of the code or to its provisions touching drunkenness as an excuse for crime.

2. Generally the killing of an officer or other person to prevent an illegal arrest is not murder but manslaughter. Consequently, shooting at him for the same purpose without killing him is *prima facie* not an assault with intent to murder.

3. The evidence of the policeman being that he was called to arrest the accused by an old woman who keeps a boarding-house on the corner of Oak and Third streets, whose name he did not know or had forgotten ; that she stated to him the accused had broken in her trunk and taken twenty-nine dollars and a few cents, and a coat; that she described him and said she wished the policeman to look out for him ; and that this was about three hours after the property had been stolen, it was error to charge the jury, upon the trial of the accused for an assault with intent to murder by shooting at the policeman whilst the latter was endeavoring to arrest him without a warrant, thus: " If you believe from the evidence that the officer had been notified to look out for him as a thief, and that evening he approached to arrest him, and the defendant fled before the officer drew the weapon and without endeavoring to attack the defendant in any way, the defendant while fleeing and the officer pursuing, he drew the pistol, fired upon him, and you believe the pistol was a weapon likely to produce death, you would be authorized to convict him of assault with intent to murder." This charge assumes that the facts enumerated would constitute probable cause for making the arrest without a a warrant, whereas they might or might not, and whether they would or would not would be for determination by the jury in the light of all the circumstances attending the case, including the facilities for obtaining a warrant according to the spirit of section 4723 of the code.

4. One who, on seeing an officer approach, takes to flight and continues to fly, has no right to express information that the purpose of the officer is to arrest him. To entitle him to receive such information, he should not put and keep himself beyond the officer's reach. The court erred in not granting a new trial.

October 8, 1892.

Before Judge MILLER. Bibb superior court. April term, 1892.

Indictment for assault with intent to murder. After conviction the accused moved for a new trial which was denied. The grounds of the motion, and the material facts of the case, are stated in the head-notes and opinion of the court.

JOHN R. COOPER, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general *contra.*

BLECKLEY, Chief Justice.

1. If the accused was drunk, his drunkenness was voluntary, and was, therefore, no excuse. Code, section 4310. The jury would know whether, under all the circumstances, the intoxication would throw any light on intention to kill, and there being no request to charge on the subject, the omission to do so was not error. Certainly it was not error as against the accused. Generally a drunken man would not be less likely to intend his shot to kill than a sober one, but rather more so.

2. The evidence indicates that the offence for which the policeman was endeavoring to arrest the accused when the shooting occurred, was larceny of money and property from the house. If this was the offence, and if the effects stolen were of less value than fifty dollars, the arrest contemplated was not for a felony, but for a misdemeanor only. The policeman had no warrant, nor was the offence committed in his presence. This being so, he had no legal authority to make any arrest, unless it was reasonably proper to do so in order to prevent a failure of justice for want of an officer to issue a warrant. Code, section 4723. With ample time and opportunity to obtain a warrant after he was informed of the offence, and before he commenced looking out for the offender, the policeman had no right to proceed without it. He could not attempt an illegal arrest, even for a real crime, and then justify the attempt on the

ground that the person sought to be arrested would not stand still until the arrest was made, but ran away to avoid it.    To call this endeavoring to escape, and to treat it as legalizing what would otherwise be an illegal arrest, would be going round in a circle.    Every man, however guilty, has a right to shun an illegal arrest by flight.    The exercise of this right should not, and would not, subject him to be arrested as a fugitive.    A policeman stands upon the footing of those public officers, such as sheriffs or constables, whose duty it is to make arrests.    Generally it is not murder, but manslaughter, to kill an officer or other person to prevent an illegal arrest.    1 East P. C. 310; 1 Russ. on Crimes, *798, 803; 1 Whart. Cr. Law, §414; Roberts *v.* The State, 14 Mo. 138, s. c. 55 Am. Dec. 97; Jones *v.* The State, 14 Mo. 409; Commonwealth *v.* Drew, 4 Mass. 396; Commonwealth *v.* Carey, 12 Cush. 246; Commonwealth *v.* McLaughlin, 12 *Ib.* 615; Rafferty *v.* The People, 69 Ill. 111, and 72 *Ib.* 37.    There can be no assault with intent to murder where the homicide, if committed as intended, would be only manslaughter.    Consequently, shooting at an officer without killing him, if done to prevent an illegal arrest, is *prima facie* not an assault with intent to murder, but the statutory crime of shooting at another described in section 4370 of the code.

3. No one who properly appreciates the sacredness of personal liberty, and the jealousy of the law in guarding the same, can doubt that as a general rule the law requires a warrant in order to render an arrest legal, whether it be made by a policeman or any public officer. Only three exceptions to this rule are recognized by the code.    See section 4723.    The first is, where an offence is committed in the officer's presence; the second, where the offender is endeavoring to escape; and the third, where from other cause there is likely to be a failure

of justice for want of an officer to issue a warrant. Where an arrest for a past offence is intended, and there is no present emergency, no want of time or opportunity for obtaining a warrant, why should a policeman be allowed to dispense with a warrant when other officers of the law could not? Any information as to the commission of an offence which would serve as a reasonable basis for making an arrest, would serve for suing out a warrant. The policeman could himself apply for and obtain it if the injured party or other person giving information declined to do so, since the affidavit required to obtain a warrant need not charge the offence absolutely and without qualification, but only to the best of the affiant's knowledge and belief. Code, section 4715. In the present case the evidence indicates that there may have been, and probably was, no just reason for failing to procure a warrant and for attempting an arrest without it. The testimony of the policeman himself, as summarized in the third head-note, suggests to our minds that there was no probable cause for making an arrest without a warrant, there having been ample time to apply for it, and, so far as appears, no obstacle to obtaining it. Whether, under all the circumstances, including the facilities for obtaining a warrant according to the spirit of section 4723 of the code above cited, there was or was not cause for attempting the arrest without a warrant, was a question for the jury; and it was therefore error for the court to assume that the facts enumerated in the charge would constitute such cause. For this error a new trial is necessary. In *Johnson* v. *The State*, 30 *Ga.* 426, the power discussed is that of arresting for a felony. In *Johnson* v. *The Mayor, &c.*, 46 *Ga.* 80, the arrest was made for a breach of the peace committed in presence of the policeman. In *Harrell* v. *The State*, 75 *Ga.* 842, the attempt to arrest was made whilst the offender was in the act of

flight from the scene of the offence, and about to cross the line of the State. One of the policemen was making pursuit and called upon his fellow for assistance.

4. An arresting officer is not bound to disclose his purpose before getting near enough to make the capture. It would be absurd for him to give warning in order to prevent flight, when so doing would only tend to provoke it. No doubt the accused knew well enough that the policeman intended to arrest him; but if he did not, the way to obtain the information was not to put and keep himself out of reach, but to wait for a closer approach. No right to shoot the policeman, or to shoot at him, resulted from failure of the latter to give express notice of his purpose.        *Judgment reversed.*