## MITCHELL *v.* MASURY.

1. It is no ground to dismiss a bill of exceptions that the certificate thereto directs the clerk to transmit it and the record of the case to the Court of Appeals, where that court on receipt and examination of the record, being of the opinion that the case is one of which the Supreme Court and not that court has jurisdiction, orders the case dismissed from its files and the bill of exceptions and record transmitted to the Supreme Court, it further appearing from an inspection of the record that the Supreme Court has exclusive jurisdiction of the case.

2. It is no ground for the dismissal of a bill of exceptions that the brief of evidence considered by the judge in passing on a motion for new trial was not filed pursuant to the order of the judge providing for the filing.

3. Where a motion for new trial is filed in term, and, contemporaneously with the grant of a rule nisi calling on the respondent to show cause why the motion should not be granted, the judge passes an order providing "that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, the presiding judge may enter his approval thereon at any time, either in term or vacation, and if the hearing of the motion shall be in vacation and the brief of the evidence has not been filed

in the clerk's office before the date of the hearing, said brief of the evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined," and where at the hearing the brief of evidence is approved by the judge and considered by him in passing on the motion for new trial, and where the brief is thereafter filed in the clerk's office more than ten days after the hearing and determination of the motion for new trial, on the same day the bill of exceptions is certified, and the brief of evidence is incorporated in the record sent to this court by specification in the bill of exceptions, this court will not refuse to consider such assignments of error as depend on the evidence for adjudication merely because the brief of evidence was not filed with the clerk within ten days of the disposition of the motion for new trial.

4. An affidavit which is the basis of a dispossessory warrant and the warrant, after the filing of the counter-affidavit, become mesne process, and are amendable by striking out the representative character of the landlord, and allowing the case to proceed in his individual name.

5. An undated affidavit to dispossess a tenant may be amended by supplying the date, on the trial of an issue formed by the tenant's counter-affidavit.

6. Under the statutory affidavit the tenant can raise the issue that no oath was administered to or taken by the person subscribing the alleged dispossessory affidavit. Even if this issue could also be raised by special plea, the striking thereof by the court will not require a new trial, where the defendant is. allowed to make the issue under his counter-affidavit, and the jury are instructed by the court as to the appropriate law.

7. The charge complained of contained an expression of opinion, and was prejudicial to the plaintiff in error.

8. If an affiant, at the time of tendering the affidavit to the officer, uses language signifying that he consciously takes upon himself the obligation of an oath, and the officer so understands, and immediately signs the jurat, this will amount to such concurrence of act and intention as will constitute a legal swearing.

9. The refusal of the court, on oral motion, to strike pleadings as insufficient is not a proper ground of a motion for new trial.

10. An assignment of error that the court allowed the testimony of a named witness to be withdrawn from the jury's consideration is insufficient where the substance of the testimony is not made to appear. The testimony may have been irrelevant and harmless.

11. Complaint as to the allowance of testimony in evidence must disclose the substance of the testimony which is alleged to be inadmissible.

Argued November 6, 1908.—Decided April 14, 1909.

Eviction. Before Charles P. Hansell, judge pro hac vice. Thomas superior court. July 23, 1908.

*Fondren Mitchell* and *Roscoe Luke,* for plaintiff in error.

*J. H. Merrill* and *Haygood & Cutts,* contra.

EVANS, P. J. 1-3. On the call of the case the defendant in error moved to dismiss the bill of exceptions, on the ground that the certificate thereto directed that it and the record be transmitted to the Court of Appeals, and as the Court of Appeals had no jurisdiction of the case, no bill of exceptions had been legally filed in the Supreme Court. It appears from the record that the Court of Appeals, on an examination of the record, passed an order directing that the case be dismissed from its files, and that the bill of exceptions and the record be transmitted to the Supreme Court. The record was accordingly transmitted, and on an inspection thereof it appears that the Supreme Court has sole jurisdiction of the case; and under the ruling in *Dawson* v. *State,* 130 *Ga.* 127 (60 S. E. 315), such case will be retained and entered on the docket of the Supreme Court for hearing and determination. Nor will the writ of error be dismissed on the ground stated in the second headnote. *Cook* v. *Childers,* 94 *Ga.* 718 (19 S. E. 819).

Counsel for plaintiff in error make the further point that even on failure to dismiss the bill of exceptions on the ground that the brief of evidence considered by the judge in passing on the motion for a new trial was not filed pursuant to the order of the court, still such brief should be disregarded, and such assignments as are dependent upon the evidence for determination present no question for decision. Where a term order allows the movant until the hearing to make out and present a brief of the evidence for the approval of the court, and to file the same with the clerk within ten days thereafter, it has been held that a brief which has been approved by the judge, but not filed in the clerk's office at the time of the hearing, is sufficient to prevent the dismissal of the motion for new trial. *Elmore* v. *Thaggard,* 130 *Ga.* 701 (61 S. E. 726). The brief of evidence is an essential part of a motion for new trial, and its approval by the judge under an order allowing him to do so at the hearing, and making provision for its subsequent filing, is the legal equivalent of an entry of filing upon the brief by the clerk. *Malsby* v. *Young,* 104 *Ga.* 205 (30 S. E. 854). Such being the case, the limitation of time in the order providing for such subsequent filing after the hearing is necessarily directory and not mandatory; and if the brief in point of fact be filed by the time the bill of exceptions is certified and such brief be specified in the bill of exceptions as a part of the record, and accordingly transmitted,

this court will consider and pass upon such assignments of error as depend upon an examination of the evidence for their determination.

4. The case under consideration arose in this manner: On October 11, 1900, Mrs. Grace Masury leased in writing to J. W. H. Mitchell, for a term of five years, a certain house and lot for $200 per annum, payable quarterly in advance. On June 6, 1905, Mitchell wrote to Mrs. Masury, proposing to renew the lease for the same term of years, to which Mrs. Masury replied, June 20, 1905, as follows: "Mr. John W. H. Mitchell, Thomasville, Ga. Dear Sir:—Your favor of 6th instant came to hand to-day; and in reply would say I am willing that you should release the property on which you are now living at the same rate. At the extremely low rate which you pay, it seems to me that you could keep the premises in slightly better repair. The renewal of the lease can be drawn by my son-in-law, Mr. Sturgis, before the present one expires; and after the signing of the new lease you will kindly pay the rent to me directly. Mr. Sturgis will acquaint Mr. Mallette of this plan in due time. June 2, 1905. Yours truly, [signed] (Mrs.) Grace Masury, per E. M. S." Mitchell remained in possession, paying rent according to the terms of the expired lease, and in April, 1906, Sturgis and Mitchell had an interview relative to the preparation of a new lease. Sturgis prepared a lease contract and sent it to Mitchell for signature, who refused to sign it. On August 24, 1907, Mrs. Masury gave Mitchell written notice that she had agreed to sell the place, and for him to vacate. Mitchell declined to surrender possession, and on November 16, 1907, Mrs. Masury sued out a dispossessory warrant. Mitchell filed the statutory counter-affidavit thereto, and on February 4, 1907, Mrs. Masury dismissed her proceedings. On the same day, but after the dismissal of the dispossessory warrant proceedings, Mrs. Masury's attorney, W. C. Snodgrass, made affidavit as attorney for Mrs. Masury, executrix of the last will and testament of John W. Masury, deceased, that Mitchell occupied the premises (the same as described in the former proceedings) as a tenant at will, that demand was made for the same on August 14, '1907; that there was $50 past-due rent, which rent was demanded after due, and payment refused. An eviction warrant issued, and Mitchell filed, with the officer to whom it was given to execute, his counter-

affidavit, denying that he was a tenant holding over, and denying that he was due any rent. The affidavit and warrant of the landlord and the counter-affidavit of the tenant were returned to the superior court for trial, and the plaintiff prevailed.

At the trial the plaintiff moved to amend the affidavit and eviction warrant by striking therefrom the words, "executrix of the last will and testament of John W. Masury deceased," so that the cause may proceed in the name of Grace Masury. The amendment was allowed, and pendente-lite exceptions were taken. All affidavits that are the foundation of legal proceedings are amendable to the same extent as ordinary declarations. Civil Code, § 5122. In an action by or against an executor the declaration may be amended by striking out the representative character of the plaintiff. Civil Code, § 5106.

5. The defendant moved to strike the affidavit because it was undated, and the court allowed the date to be supplied by amendment. The allowance of this amendment was proper. Civil Code, § 5106.

6. At the trial term the defendant filed his plea in abatement, on the ground that no oath was administered to or taken by the person who subscribed the alleged affidavit upon which the eviction warrant issued. The court struck the plea, and exception pendente lite was taken. It is immaterial to decide whether this defense could have been made by special plea, because after the court made this ruling the defendant on his own initiative examined as witnesses both the person alleged to have made the affidavit, and the magistrate before whom it is alleged to have been made, as to the execution of the affidavit, and whether any oath was administered at the time, and the court instructed the jury on this subject. The defendant was allowed to make the defense notwithstanding his plea in abatement was stricken, and can have no real ground for complaint because of the refusal of the court to separately submit the issue. See LeMaster v. Orr, 101 Ga. 762 (29 S. E. 32).

7. On the trial, in addition to the facts already appearing, evidence was introduced by the plaintiff, tending to show that some time in April, 1906, Sturgis (the plaintiff's attorney) and Mitchell met and agreed upon the terms of a lease which Sturgis reduced to writing according to his understanding of the agreement. One of these terms was that the landlord reserved the right to sell the

premises on 60 days notice. Sturgis sent the lease contract to Mitchell for execution, who refused to sign it. Mitchell testified that he did not sign the lease contract which Sturgis prepared, because its terms were different from the old lease which was renewed by Mrs. Masury's letter of June 20. The old lease expired October 1, 1905, and from that time to January 1, 1908, Mitchell has paid the rent to Mrs. Masury. The court charged: "In this case, it is agreed that Mr. Mitchell the defendant, was a tenant of Mrs. Masury of the property known as the Blackshear place, on the Boston road, on the outskirts of Thomasville, and that Mrs. Masury is seeking to recover the possession of that property from the tenant, on two grounds, that he is a tenant at will, a tenant holding over beyond his term, who becomes, under such circumstances as testified here, a tenant at will; that is, if he holds beyond his term, and the landlord accepts rent from him, allows him to go on, accepts rent, that makes him a tenant at will." The criticism is that the court expressed an opinion that under the testimony in the case the defendant was a tenant at will. The defendant in his pleading and in his testimony denied that he was a tenant at will. It was his contention that his letter and Mrs. Masury's reply extended the provisions of the old contract for a period of five years; while the landlord contended that the letter disclosed on its face that it was not to be considered as closing up a lease contract, but only indicated her willingness to release the property at the same rate. It is not altogether clear that the landlord intended by her letter that the new lease should embrace all the terms and covenants of the old lease, or only that the proposition as to rental price was absolutely accepted, leaving the other provisions, such as duration of term, etc., to be incorporated in the new lease. But Mitchell rejected the lease contract prepared by Sturgis in the spring of 1906, and continued to pay rent, according to his contention, pursuant to the obligation of the old contract, until January 1, 1908. He contended that the rent was received by Mrs. Masury with knowledge that he was relying upon her letter as extending the old contract, with all its provisions, for five years; and if the jury should find such was the truth of the case, then Mitchell would not be a tenant at will. The charge was hurtful for the reason given.

8. Exception is taken to this charge: "There must be enough before you to satisfy your mind that the party making the affidavit

meant to swear to it, and the officer so understood it; meant to swear to it, and to swear to the truth of it and attest it." The court was instructing the jury upon the question as to whether there had been any affidavit made upon which the dispossessory warrant issued, and the criticism is that an intention to make an affidavit is treated as the equivalent of its actual execution. The excerpt to which exception is taken is but a fragment of what the court charged. The jury were instructed in the same connection: "There is no special form of words necessary to constitute an oath, but it is necessary for enough to be said by affiant to indicate to the officer that he wanted to swear to it, and did swear to it, and the officer so understood it and accepted it as such and signed it accordingly." According to the ruling in *McCain* v. *Bonner,* 122 *Ga.* 846 (51 S. E. 36), there was no error in the full instruction.

9-11. Otherwise than as indicated no cause for a new trial is made to appear. *Judgment reversed. All the Justices concur.*