## WINN, administrator, v. MILLER.

The requirement of the Civil Code (1910), § 5049, that exceptions to the award of arbitrators be made "on oath" is not met by an affidavit of the party filing such exceptions that they are true to the best of the knowledge and belief of affiant.
JUNE 14, 1911.

Exceptions to award. Before Judge Pendleton. Fulton superior court. March 8, 1910.

*L. W. Thomas,* for plaintiff. *Evins & Spence,* for defendant.

HOLDEN, J. The plaintiff in error and the defendant in error (hereinafter called, respectively, plaintiff and defendant), by virtue

of an agreement in writing signed by them, submitted to arbitrators the decision of certain matters in controversy between them, and provided that the award of the arbitrators might be made the judgment of the superior court of Fulton county, in which county both parties resided. Each of the parties selected an arbitrator, and the two arbitrators selected the third arbitrator. An award in writing was made, finding that the plaintiff owed the defendant certain amounts aggregating $2,714.40. This award was returned to the clerk of the superior court, and the plaintiff filed certain objections thereto. The court dismissed the objections on the motion of the defendant's counsel, and also refused to allow an amendment offered by the plaintiff to the objections, and the plaintiff excepted.

Counsel for the defendant contend in their brief that neither the exceptions, nor the amendment offered, were properly verified, and that this fact justified the court in dismissing the former and in refusing to allow the latter. The record does not disclose upon what grounds the motion of the defendant to dismiss the exceptions was predicated, nor upon what ground the court dismissed the exceptions and refused to allow the amendment thereto; and if the failure properly to verify the exceptions and the amendment justified the court in making the rulings complained of, his judgment should be sustained. The affidavit to the exceptions filed was made by Courtland S. Winn, and, after stating that he was administrator of the estate involved and was a party to the arbitration, contained only the following averment: "That the above and foregoing suggestions and exceptions filed by deponent at the return term at which said award was made, to the best of deponent's knowledge and belief, are true." The body of the affidavit to the amendment is as follows: "Personally appeared before me Courtland S. Winn, who on oath says that the facts stated in the foregoing amended petition are true to the best of his knowledge and belief." Civil Code (1910), § 5049, omitting a provision in the latter part as to the time of trial, is as follows: "When said award shall have been returned to said court and entered upon its minutes, as provided in the previous section of this code, either of the parties may suggest, on oath, at the term to which said award is returned, that the award was the result of accident, or mistake, or the fraud of some one or all of the arbitrators or parties, or is otherwise

illegal. Whereupon the court shall cause an issue to be made up, which issue shall be tried by a special jury under the same rules and regulations as are prescribed for the trial of appeals." This section of the code does not permit of objections being made to an award unless they are filed "on oath." An affidavit wherein the party filing exceptions swears that they are true to the best of his knowledge and belief does not meet the requirement of this section that the exceptions be "on oath" of the party filing them.

Civil Code (1910), § 5305, provides that when an execution shall issue, or be proceeding illegally against the property of any person and be levied thereon, "such person may make oath in writing, and shall state the cause of such illegality." We can see no reason for permitting an oath, under a requirement that exceptions to an award of arbitrators be "on oath" to be different from an oath under the requirements of the section above referred to, providing that the person filing an illegality to an exception "may make oath in writing;" and in the case of *Sprinz* v. *Vannucki,* 80 *Ga.* 774 (6 S. E. 816), it was ruled: "The grounds of an affidavit of illegality must be verified positively. An oath qualified by the words, 'to the best of his knowledge and belief,' is not sufficient, though the oath be made by an executor to an affidavit of illegality filed to an execution against his testator." See *Stancel* v. *Puryear,* 58 *Ga.* 445; *Sharp* v. *Kennedy,* 50 *Ga.* 208; *Bryan* v. *Ponder,* 23 *Ga.* 480; *Thompson* v. *Davitte,* 59 *Ga.* 473 (14); 1 Enc. Pl. & Pr. 321, 322; 2 Cyc. 24, 25. In the case of *Martin* v. *Lamb,* 77 *Ga.* 252 (3 S. E. 10), it was decided that "A plea of non est factum, or of non-partnership, sworn to by the defendant "to the best of his knowledge and belief," does not cast the onus upon the plaintiff, but only entitles the defendant to go to the jury and establish his defense;" and on page 256, Bleckley, C. J., said: "Before the constitution of 1868, a plea of non est factum had to be sworn to— not to the best of one's knowledge and belief, but sworn to. . . An affidavit 'to the best of his knowledge and belief' commits the affiant to almost nothing." It has been held that when the plaintiff in attachment makes an affidavit for an attachment to issue thereon, the grounds of the attachment must be sworn to positively, and it is not sufficient for affiant to state that he swears to such grounds to the "best of his knowledge and belief." See *Bruce* v. *Conyers,* 54 *Ga.* 678. Civil Code (1910), § 5085, provides that "the party seek-

ing the attachment, his agent or attorney at law, shall make affidavit" among other things, as to "the amount of the debt claimed to be due." It further provides: "When the affidavit is made by the agent or attorney at law, he may swear that the amount claimed to be due is due according to the best of his knowledge and belief." This section seems to recognize a difference between an oath positively stating something to be true and one stating it to be true "to the best of the knowledge and belief" of affiant. In the exceptions filed it is complained that the award is the result of a mistake on the part of the arbitrators and is otherwise illegal. Many of the exceptions relate to the alleged illegal admission of evidence over objections, and a copy of the entire evidence introduced upon the hearing before the arbitrators is attached to the exceptions and amendment thereto as a part thereof. Whether or not the legal inferences of the party filing the exceptions should be verified, the alleged existence of facts upon which such inferences are based should be verified positively, and not simply to the best of the knowledge and belief of the party filing the exceptions. The requirement of the law that exceptions to the award of arbitrators be "on oath" is not met by an affidavit that the exceptions are true to the best of the knowledge and belief of the party filing the exceptions; and we can not say that the court committed error in dismissing the exceptions and refusing to allow the amendment offered thereto.    *Judgment affirmed. All the Justices concur.*