### 6858. American Tie & Timber Co. v. Tyler.

Wade, C. J. 1. It does not affirmatively appear from the record that the entire amount claimed in this suit was in dispute at the time the defendant tendered a check for a less amount; and whether the demand sued upon was included in the settlement effected by the tender and acceptance of this check was a question for determination by the jury. The court fairly submitted the issue on the accord and satisfaction set up by way of defense.

2. The court erred in rejecting the documentary evidence referred to in the first eleven grounds of the amendment to the motion for a new trial. The plaintiff having testified that none of the ties forwarded to the defendant were shipped under the contract with the Lewis Manufacturing Company, this documentary evidence was admissible, since it apparently tended to contradict the plaintiff's testimony to that extent.

3. The judge, in his charge to the jury, erred in authorizing them to find in favor of the plaintiff for commissions on ties covered by two contracts, irrespective of whether or not such ties had been in fact delivered to the defendant. It was neither alleged in the petition nor shown by the evidence that the plaintiff's commissions were earned when the contracts providing for the future delivery of ties were accepted by the defendant. The proof shows that at least some of the ties so contracted for had not been cut at the time the contracts were made. Construing the amended petition as a whole and most strongly against the pleader, it appears that the plaintiff's commissions were earned only when the actual ties had been "accepted" by the defendant; and this construction of the petition is sustained by the evidence adduced, including the testimony of the plaintiff himself.

4. There was no harmful error in admitting in evidence the carbon duplicate of a certain letter of the plaintiff to the defendant, bearing date after the time of the settlement pleaded as an accord and satisfaction, and merely contending that the defendant was indebted to the plaintiff in the sum subsequently sued for in this case, especially in view of the testimony that the letter was written and was mailed in an envelope properly addressed and stamped, and of evidence from the defendant that the letter was not received, and must therefore have been lost. Whether the presumption arising from the mailing of the letter was rebutted, and whether the contents thereof should receive any consideration whatever, was a matter for the jury. See Lewis v. Phillips-Boyd Pub. Co., ante, 181 (89 S. E. 177).

5. Regardless of the question whether or not the plaintiff should have recovered anything, it is evident that the amount of the verdict returned was unauthorized by the evidence. The statement rendered by the defendant to the plaintiff, and which accompanied its letter of May 20, 1910, included some ties received by the defendant from the Lewis Manufacturing Company, between April 2 and the date of the letter, and it is evident that the plaintiff's commissions on these ties were included in the defendant's settlement with the plaintiff. Further, it was a question for the jury to determine whether or not the ties in-

spected on May 7, 1910, but not specifically included in the statement
of May 20, were intended by the parties to be covered by that state-
ment. Some of the rejected documentary evidence referred to above,
in paragraph 2, was material to this issue.
6. The court erred in overruling the motion for a new trial.

*Judgment reversed.*

DECIDED SEPTEMBER 29, 1916.

Complaint; from city court of Brunswick—Judge Krauss. July
22, 1915.

*Bennet, Twitty & Reese,* for plaintiff in error.
*L. E. Heath, Max Isaac,* contra.