## 14258. JACKSON *v.* THE STATE.

BROYLES, C. J. It appearing from the bill of exceptions that the motion for a new trial was overruled on the 9th day of December, 1922, and that the bill of exceptions was not tendered to the judge until the 2d day of January, 1923, this court has no jurisdiction of the case.
*Writ of error dismissed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 10, 1923.

Indictment for larceny of cotton; from Walton superior court — Judge Fortson. December 9, 1922.

*Orrin Roberts,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

## 14259. RICHARDSON *v.* THE STATE.

Although the circumstantial evidence upon which the conviction of the accused in this case was entirely dependent raises a strong suspicion against him, it is not sufficient to exclude every other reasonable hypothesis than that of his guilt; and therefore the trial judge erred in overruling the motion for a new trial.

DECIDED APRIL 10, 1923.

Conviction of burglary; from Houston superior court — Judge Mathews. December 2, 1922.

*Jule W. Felton,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

LUKE, J. The defendant was convicted of the offense of burglary. His conviction was dependent wholly and entirely upon circumstantial evidence. One other defendant confessed to the burglary, but testified upon the trial of this defendant that while he had a partner in the commission of the offense, the defendant on trial was not the partner. From a careful examination of the evidence in this case, we are of the opinion that, while a strong suspicion is raised, the evidence is not sufficient to exclude every reasonable hypothesis other than that of the guilt of the defendant. It was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*