DOBBS *v.* ANDERSON; *et vice versa.*

Nos. 7524, 7525.  July 19, 1930.

*McClelland, Savage & Crawford,* for plaintiff.

*John A. Boykin, E. A. Stephens, J. W. LeCraw,* and *John H. Hudson,* for defendant.

Beck, P. J.  F. L. Dobbs filed a petition for a writ of habeas corpus, alleging that he was illegally restrained of his liberty by C. A. Anderson; that this restraint was under and by virtue of a warrant issued by the Governor of Georgia, authorizing the respondent to take petitioner to the State of California to answer a criminal charge; that his delivery by the Governor of the State of Georgia into the hands of Anderson was illegal and in violation of certain specified statutes; and that the Governor did not have any legal authority or any legally authenticated records or proceedings in the State of California which would authorize him to turn petitioner over to the officer named.  Upon the hearing the court below refused the writ of habeas corpus, and the plaintiff excepted.

■  The plaintiff contends that it was error to remand him to the custody of the defendant, for the reason that the evidence showed that the basis for said requisition was "an affidavit which was positive on its face, but upon inquiry showed that such information contained in said affidavit was based on information and belief, and therefore could not be made the proper basis of the issuance of the requisition, and it was error for the court not to discharge plaintiff." Inasmuch as the affidavit which was the basis of the requisition was positive on its face, and the other proceedings before the Governor of California were regular, there is no ground for attacking the regularity of the proceedings to obtain the requisition from the Governor of California; nor was there any irregularity in the issuance of the order by the Governor of Georgia, on the ground that the proceedings before the Governor of California were not sufficiently regular and in compliance with the statutes relating to the matter under consideration.

■  Counsel for the plaintiff cite Ex Parte Graddington, decided by the Court of Criminal Appeals of Texas, 231 S. W. 781, where

that court was dealing with a habeas-corpus case, and in its opinion used the following language: "The presumption arising in favor of the legality of the extradition warrant issued by the Governor of the fugitive State is not a conclusive one, and a relator always has the right to go behind such presumption and prove, if he can, that the Governor was not in possession of the proper papers authorizing the issuance of the warrant; but in this case this was not done." Counsel call attention also to Ex parte Spears, 88 Cal. 640 (26 Pac. 608, 22 Am. St. R. 341), and quote the following language from that decision: "It is obvious that this affidavit does not directly charge that petitioner has committed any offense, and it would be a dangerous precedent to establish that any man may be deprived of his liberty and removed to another State upon such an accusation. The statement therein that affiant has reason to believe and does believe that petitioner embezzled or fraudulently converted to his own use the property mentioned is not the statement of any fact, and for that reason the affidavit is fatally defective." And other decisions holding to the same effect are cited in the argument of counsel. In the present case it will be noted that it is stated in the exception to the judgment refusing habeas corpus that the affidavit was positive on its face, but upon inquiry it was shown that the information of the affiant contained in the affidavit was based "on information and belief." Even if in fact it had developed upon investigation that an affidavit, positive on its face, was based on information and belief, nevertheless where there was other evidence introduced that was positive in its character, showing the commission of the crime charged against the applicant, the court was authorized to take this evidence into consideration and refuse to discharge the prisoner on the ground merely that the affidavit which was the basis of the issuance of the requisition, though positive in form, was actually itself based upon information and belief. In this State an affidavit made to secure the issuance of a warrant for the arrest of an offender against the penal laws is sufficient where it is founded on knowledge or belief. Penal Code, § 905; *Thomas* v. *State,* 91 *Ga.* 204, 207 (18 S. E. 305). And it has been held by this court that an affidavit made by one to obtain a criminal warrant may be the basis of an indictment for subornation of perjury, and such indictment is not demurrable because it appears from the indictment that the words "to the best of his

knowledge and belief" were inserted in the affidavit. *Herring* v. *State,* 119 *Ga.* 709 (46 S. E. 876). Even if we were bound by the authorities from which extracts are quoted above, the facts of this case differentiate it from those cases, as it does not appear that there was any other evidence in those cases to sustain the proceedings except the affidavit based on information and belief. Counsel for the plaintiff call our attention also to Ex Parte Shoemaker, 25 Cal. App. 551 (144 Pac. 985), and to the part of that decision wherein it is held that "The sufficiency of the papers on which the executive warrant in interstate extradition issued may be inquired into and determined on habeas corpus." In the present case there was such inquiry and determination.

The ruling remanding the applicant to the custody of the defendant Anderson was not erroneous upon the ground that "it appears from the evidence adduced at the trial of the case that Anderson was the prosecutor and made the affidavit which was the basis of the requisition issued." Penal Code, §§ 1352-3. Section 1357 relates to the granting of a requisition by the Governor of this State for the extradition of any fugitive from justice, and the rules to be observed as the condition precedent to obtain such requisition from him.

*Judgment affirmed on the main bill of exceptions. All the Justices concur, except Russell, C. J., who dissents. Cross-bill of exceptions dismissed.*