### 29780. JARVIS v. THE STATE.

DECIDED MARCH 9, 1943. REHEARING DENIED APRIL 2, 1943.

*R. R. Jackson, C. E. Moore,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye, Lindley W. Camp, solicitor,* contra.

BROYLES, C. J. C. E. Jarvis Jr., trading as "Salary Investment Company," was tried in the criminal court of Fulton County on an accusation containing eleven counts and charging him with having violated the usury laws of the State. He was convicted on counts 1, 2, 3, 5, 6, 8, and 10, the other counts being abandoned by the prosecution. His certiorari was overruled by a judge of the superior court and that judgment is assigned as error.

Count 1 charged that Jarvis, trading as Salary Investment Company, in Fulton County, Georgia, on January 17, 1941, was engaged in the business of lending money in the amounts of $300 and less, and did charge and receive a greater rate of interest than 8 per centum on loans to H. L. Bailey, Edward Johnson, Sam A. Cannon, Parks S. Jones, John D. Leverett, Clifford F. Thigpen and William G. Perry, without having a license from the State Superintendent of Banks, contrary to the laws of the State. Count 2 charged that the defendant, in said county, on January 17, 1941, did unlawfully charge and receive for the loan and advance of $15

in money, a rate of interest greater than five per centum per month (by way of commission for advances, discount, exchange, the purchase of salary and wages, and by contracts, contrivances and devices unknown, all of which constituted a subterfuge and scheme intentionally used by the accused to evade the laws of the State) from H. L. Bailey, for which sum of money, to wit, $15, the accused did charge and take interest in the sum of $1 for the use of said $15 for a period of one week, which rate of interest amounts to 26 per centum per month, contrary to the laws of the State. The remaining counts on which the defendant was convicted are substantially similar to count 2, the only differences being in the names of the borrowers, the dates of the transactions, and the amounts charged and received as interest. The defendant's demurrer to the accusation was overruled and that judgment is one of the assignments of error.

Count 1 of the accusation was evidently drawn under Code § 25-301, which reads as follows: "No person, partnership, or corporation shall engage in the business of making loans of money, credit, goods or things in action in the amount or to the value of $300 or less, and charge, contract for, or receive a greater rate of interest than eight per centum per annum therefor, except as authorized by this Chapter, and without first obtaining a license from the Superintendent of Banks." The penalty for a violation of this section is provided in Code § 25-9902. The remaining counts of the accusation were drawn under Code § 57-117, which provides: "No person, company, or corporation shall reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than five per centum per month, either directly or indirectly, by way of commission for advances, discount, exchange, the purchase of salary or wages, by notarial or other fees, or by any contract, contrivance, or device whatever; save and except only that regularly licensed pawn-brokers, where personal property is taken into their actual physical possession and stored by them, may charge, in addition to said rate of interest, not exceeding 25 cents at the time said property is first taken possession of by them for the storage of said property. This section shall not be construed as repealing or impairing the usury laws now existing, but as being cumulative thereof." The penalty for a violation of the above quoted section is contained in Code § 57-9901.

We see no merit in the demurrers, general or special. The counts of the accusation substantially state the offenses charged in the language of the above-quoted Code sections, show the date and venue of each offense, name the persons to whom the loans were made, and set out the amounts of the loans and the amounts of interest charged and received thereon, thereby showing that the defendant received interest at a rate greater than that allowed under the above-quoted Code sections. The accusation set out criminal offenses under the laws of Georgia and was not subject to the general demurrer.

Nor did the court err in overruling the special demurrers. In *Crowe v. State,* 44 *Ga. App.* 719 (162 S. E. 849), where the accusation and the demurrers thereto were quite similar to those of this case, the court held that the accusation was not subject to any of the demurrers. In that case, the demurrer attacked the accusation (1) as charging no offense; (2) as lacking definiteness and certainty; (3) as being repugnant, in that it charged both a loan and the purchase of salary or wages; (4) as charging only the purchase of salary and wages; (5) as not concluding in the language prescribed by law for indictments and accusations; (6) because the "contrivances and devices" referred to as being unknown to the solicitor are not set forth; (7) because the contracts in question are not more fully set forth; (8) because each count contains a misjoinder of offenses, in that each charges both the taking of a criminal rate of interest and the purchasing of salary and wages, without putting the accused on sufficient notice as to which charge he is called upon to meet; and (9) because it does not sufficiently appear that the one sum of money mentioned in the accusation was connected with any loan.

It is alleged in the petition for certiorari that during the trial of the case, H. L. Bailey, a witness for the State, testified as follows: "I signed that paper there [referring to the purported affidavit upon which the accusation in this case was based]. I didn't know what was in it, but I did care. I didn't hold up my right hand or swear to it, and I didn't know Mr. Forbes [was a?] notary public." The petition further alleges: "It nowhere else appears in the record that said purported affidavit was in fact sworn to, or that said H. L. Bailey had any actual knowledge of the contents of said purported affidavit, and therefore there was no legal accusation

pending in said court; that said entire purported trial was a legal farce . . and that said sentence . . imposed upon your petitioner . . was utterly void and of no force and effect . . ; that petitioner had no means whatsoever at his command to know that there was no affidavit upon which said purported accusation was based until it developed in the trial of the case."

It is well settled by numerous decisions of the Supreme Court and of this court that objections to an accusation on the ground that it was based on a defective affidavit must be made by motion to quash or by demurrer; or, *after conviction, by motion in arrest of judgment*. Exceptions which go merely to the form of an accusation should be made before the trial, and for matters affecting the real merits the remedy after trial is by motion in arrest of judgment. No question as to the legal sufficiency of an accusation can be properly raised in a motion for new trial or in a petition for certiorari. *Stubbs* v. *State,* 1 *Ga. App.* 504 (58 S. E. 236); *White* v. *State,* 93 *Ga.* 47 (19 S. E. 49); *Womble* v. *State,* 107 *Ga.* 666 (33 S. E. 630); *Rucker* v. *State,* 114 *Ga.* 13 (39 S. E. 902); *Foss* v. *State,* 15 *Ga. App.* 478 (83 S. E. 880).

In the instant case the accusation was not demurred to on the ground that it was based on a defective or void affidavit. No motion to quash the accusation was made, and after the trial no motion in arrest of judgment was filed, but the exceptions to the affidavit and to the accusation were presented for the first time in the petition for certiorari. Under the above-cited rulings the exceptions can not be considered by this court.

The petition assigns error on the failure of the court to give certain requested charges. When the requests to charge are considered in connection with the charge given and the facts of the case no harmful error appears. Error is also assigned on various excerpts from the charge of the court. A careful consideration of the excerpts in the light of the entire charge of the court and the particular facts of the case satisfies us that none of the excerpts shows cause for a reversal of the judgment.

It is recited in the bill of exceptions that the petitioner filed certain exceptions to the judge's answer to the petition for certiorari, and that he insisted upon them, but that the judge of the superior court failed to pass on them. The plaintiff in error in his brief argues that the failure was error. However, *the bill of*

*exceptions contains no assignment of error whatever on such failure,* and therefore the question of error in connection therewith is not presented to this court.

The verdict is supported by the evidence. The cases cited in the brief of the plaintiff in error are differentiated by their particular facts from this case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

### ON MOTION FOR REHEARING.

BROYLES, C. J. Counsel in their motion for a rehearing of this case cite in support thereof *Scroggins* v. *State,* 55 *Ga.* 380, and *McDonald* v. *Farmers Supply Co.,* 143 *Ga.* 552 (85 S. E. 861). In the *Scroggins* case it was held that objection to a void affidavit could be taken after the conviction and sentence of the accused, and that the conviction, if the affidavit were void, should be set aside by the superior court on certiorari. However, that case was tried in a justice's court, a court of very limited jurisdiction, and the above-stated ruling has not properly been applied to higher trial courts. (Indeed, a justice of the peace no longer has the authority to try and sentence any one in a criminal case.) The ruling now definitely approved by the Supreme Court and this court is that where an affidavit, upon which an accusation is based, is void, the objection, *if made after the conviction of the accused, must be by motion in arrest of judgment.* In addition to the authorities cited in our original opinion, see *Boswell* v. *State,* 114 *Ga.* 40 (2) (39 S. E. 897). In that case the decision in *Wood* v. *State,* 46 *Ga.* 322, holding a contrary view, was overruled, and it was stated that the proper rule of practice was fixed by the court in *White* v. *State,* 93 *Ga.* 47 (cited in our original opinion).

Movant cites a certain portion of Justice Lumpkin's opinion in the *McDonald* case, supra. However, the Justice expressly stated that in that part of his opinion he was speaking for himself only.

None of the grounds of the motion shows cause for a rehearing of the case.

*Rehearing denied. MacIntyre and Gardner, JJ., concur.*